RYDER, Judge.
Allan L. McPeak appeals from the order directing him to pay to appellee Cirou real estate rental receipts. We reverse.
Appellee Cirou’s efforts to foreclose the real property in question have been before this court twice before. Cirou v. Naples Awning & Glass, Inc., 376 So.2d 929 (Fla. 2d DCA 1979); Naples Awning & Glass, Inc. v. Cirou, 358 So.2d 211 (Fla. 2d DCA 1978). Following the second remand, the lower court ratified foreclosure in an order which also found that appellee Cirou was entitled to an accounting for mesne profits received on behalf of the defendant or its assignee for the benefit of creditors. Appellant McPeak was the assignee for the benefit of creditors. After final judgment was entered on that order, appellee filed a motion seeking to direct appellant assignee to deliver $30,000.00 in rental income from the property. A stipulation was then entered that appellant McPeak would, at final hearing, contest the motion on the grounds *209 that he had paid all funds in his possession over to the trustee in bankruptcy for Naples Awning & Glass, Inc., and that appellee was not entitled to any rental receipts received before entry of the final judgment. The lower court granted the motion, found the defenses to be contrary to the terms of the final judgment, and ordered appellant McPeak personally to pay the amount demanded. McPeak now argues that the judgment below was void because he was never properly made a party to the action. We agree.
The final judgment, unappealed, provided that appellee was entitled to an accounting for mesne profits received by appellant Naples or its assignee for the benefit of creditors. McPeak had appeared as a witness below and held the property for a time under court order. McPeak, as assignee for the benefit of creditors, apparently acted under the authority of section 727.01, Florida Statutes (1981). While McPeak as assignee thereby stood in the shoes of his assignor to the extent of the assets transferred, nothing in chapter 727 indicates that McPeak assumed unlimited personal liability for the debts of Naples Awning & Glass, Inc. McPeak may be liable as would a trustee for obligations to third persons incurred on behalf of the assignor/settlor. Taylor v. Richmond’s New Approach Association, Inc., 351 So.2d 1094 (Fla. 2d DCA 1977). But McPeak was never personally made a party to the action below. No process was served to bring him into the action. The record before us does not show that McPeak ever participated in the litigation by invoking action of the court for his personal benefit. See First Wisconsin National Bank of Milwaukee v. Donian, 343 So.2d 943 (Fla. 2d DCA 1977); Green v. Hood, 120 So.2d 223 (Fla. 2d DCA 1960). McPeak, who as assignee took possession of the property under court order, may have been before the court in that capacity. But McPeak as assignee is not the same party as the McPeak named in the judgment appealed. See Stern v. Perma-Stress, Inc., 134 So.2d 509 (Fla. 1st DCA 1961); Thomas v. Martin, 100 Fla. 146, 129 So. 602 (1930).
Additionally, the lower court erred in finding the defenses asserted by McPeak to be insufficient. The defense that appel-lee was not entitled to the receipts occurring before final judgment appears not to have been settled against McPeak because he was not a party to that judgment. The defense that the monies were paid to the bankruptcy trustee also appears valid. A receiver is entitled to rents in Florida if the mortgage so provides. Bay Realty Corp. v. Becker, 157 So.2d 91 (Fla. 3d DCA 1963). Under the 1898 Federal Bankruptcy Act, the question of whether the mortgage security interest extends to rents and profits is one of state law. Butner v. U.S., 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979). However, the Federal Bankruptcy Code in effect at the time of action below permitted the bankruptcy court to refuse, on equitable grounds, to give effect to a security interest covering rents acquired after commencement of a case. 11 U.S.C. § 552(b). If that is indeed what occurred below, the asserted defense has merit.
The order appealed is REVERSED.
OTT, C.J., and CAMPBELL, J., concur.