566 So.2d 938 (1990)
TOWN OF DAVIE, Appellant,
v.
Albert H. SLOAN and Joan Sloan, His Wife, Sloan Pump Company, Inc., a Florida Corporation, South Florida Warehousing II, a Florida General Partnership, and Hamilton C. Foreman and Charles R. Foreman, Appellees.
No. 89-1929.
District Court of Appeal of Florida, Fourth District.
September 19, 1990.
Jon A. Hinden of Goodman & Webber, P.A., Davie, for appellant.
Robert J. O'Toole and Robert W. Crawford, Fort Lauderdale, for appellees-Sloan.
*939 POLEN, Judge.
The Town of Davie appeals an order of the court upon a motion for rehearing, reducing its award of attorney's fees from the $16,200 originally awarded to $2,000. The $2,000 figure represented the amount originally posted by appellees as an injunction bond pursuant to Florida Rule of Civil Procedure 1.610(b). The appellees (Sloans) had obtained a temporary restraining order against appellant, enjoining it from commencing construction on a road located in the Town of Davie, Broward County, Florida.
At a subsequent hearing appellant made an ore tenus motion to increase the bond. There was discussion about the value of appellees' land being $6 million, so as to imply that appellees would have assets from which an award could be satisfied, if it were later determined that the injunction were wrongfully issued, and damages awarded in an amount greater than the $2,000 bond. The trial court, during the course of that discussion, made the statement, "I don't think it's urgent that we increase the bond to $20,000 or $30,000 or any large amount." However, the trial court never made a specific ruling that the land would stand as a surety in lieu of increasing the bond. No order was ever entered increasing the bond from the original $2,000, nor did appellant appeal as to the sufficiency of the original $2,000 bond.
The injunction was dissolved at a final hearing in December 1986. The matter did not come on for appellant's motion for award of attorney's fees and costs until June 1989. The trial court awarded attorney's fees and costs in the amount of $16,200. However, the court had not been apprised of the supreme court's just-issued opinion in Parker Tampa Two, Inc. v. Somerset Development Corp., 544 So.2d 1018 (Fla. 1989). On a motion for rehearing before the trial court, wherein appellees argued that Parker controlled and limited the amount of the award to the $2,000 bond, the trial court agreed and granted rehearing to that effect. This appeal ensued. We affirm.
We realize that neither Judges Fleet and Tedder, who presided over the initial injunction proceedings in 1986, nor Judge Cohen, who presided over the initial attorney's fees and costs hearing in June of 1989, had the benefit of the Parker decision. We are further aware that our decision in this case may be a harsh result. However, we hold that even though the injunction was issued some three years prior to the Parker decision, the decision is applicable and dispositive. Under Parker, the amount of the injunction bond acts as a ceiling as to the amount of damages obtainable, if it is later determined the injunction was wrongfully issued. Implicit in the trial court's ruling is that this injunction was wrongfully issued, which thus gives rise to attorney's fees and costs as the measure of damages. While in a given case, the damages incurred from the wrongful issuance of an injunction may be far more extensive than attorney's fees and costs, this does not appear to be the case here. Further, while appellees' counsel has cited cases to this court dealing with the entitlement issue, entitlement is not before us, as there was no cross appeal taken from the trial court's order awarding attorney's fees and costs.
AFFIRMED.
GUNTHER and GARRETT, JJ., concur.