754 So.2d 779 (2000)
CONE CONSTRUCTORS, INC., Appellant,
v.
DRUMMOND COMMUNITY BANK, Appellee.
No. 1D99-510.
District Court of Appeal of Florida, First District.
March 17, 2000.
Randall P. Mueller, of Carey, O'Malley, Whitaker & Manson, P.A., Tampa, for Appellant.
Michael D. Sechrest, of Peter A. Robertson & Associates, P.A., Gainesville, for Appellee.
PER CURIAM.
Appellant has moved for rehearing or clarification of the opinion issued in the instant case. We hereby grant that motion, withdraw our previous opinion in the case, and substitute the following opinion in its place. We deny appellee's motion for clarification.
Appellant Cone Constructors (Cone) argues that the trial court erred in denying its motion to compel arbitration. We reverse.
In the instant case, Power South, Inc., which is not a party to the action below or this appeal, executed over a period of three years several security agreements and promissory notes with appellee Drummond Community Bank (Drummond), assigning to the bank the proceeds of all its current and future contracts and accounts receivable. During that same period appellant Cone, the general contractor on a state project, subcontracted a portion of that project to Power South. Subsequently, Power South defaulted on its promissory notes, and Drummond brought suit against Cone alleging that despite its two previous notices under section 679.318, Florida Statutes, to Cone of Power South's assignment of its account receivables to Drummond that Cone had disbursed to other entities funds that were owed to Drummond. Cone responded with a motion *780 to compel arbitration, in which it alleged that as assignee of Power South, Drummond was subject to the arbitration provision in the subcontract and was required to arbitrate its claim. The trial court denied Cone's motion to compel arbitration, and Cone appealed that decision.
We reject appellee Drummond's claim that because it was merely the assignee of a security interest, Drummond is not subject to the arbitration provision contained in the underlying subcontract. Section 679.318(1), Florida Statutes, which is part of Florida's Uniform Commercial Code (U.C.C. § 9-318), provides as follows:
(1) Unless an account debtor has made an enforceable agreement not to assert defenses or claims arising out of a sale as provided in s. 679.206 the rights of an assignee are subject to:
(a) All the terms of the contract between the account debtor and assignor and any defense or claims arising therefrom; and
(b) Any other defense or claim of the account debtor against the assignor which accrues before the account debtor receives notification of the assignment.
In Banque De Paris et des Pays-Bas v. Amoco Oil Co., 573 F.Supp. 1464, 1469-74 (S.D.N.Y.1983), the court construed this same U.C.C. provision with regard to a bank similarly seeking to avoid arbitration by claiming its limited assignment of a security interest in a receivable entitled it to take its interest free of the contractual limitations. The federal court determined that although the assignee of a security interest or accounts receivable under a contract is not an assignee for purposes of performance of the contract, this does not mean that such an assignee is not subject to a remedial mechanism, such as arbitration, which is contained in the underlying contract. Id. at 1469. The court explained that
[t]he Uniform Commercial Code differentiates between a "normal commercial assignment, which substitutes the assignee for the assignor both as to rights and duties, and a financing assignment in which only the assignor's rights are transferred." U.C.C. § 2-210(4) & Official Comment 5. The UCC makes explicit, however, that "the rights of an assignee are subject to ... all terms of the contract between the account debtor and assignor and any defense or claim arising therefrom." U.C.C. § 9-318(1)(a). This principle applies to arbitration provisions, which would be of no value if a party "could escape the effect of such a clause by assigning a claim subject to arbitration between the original parties to a third party." Hosiery Manufacturers' Corp. v. Goldston, 238 N.Y. 22, 28, 143 N.E. 779, 780 (1924). Even an assignment only of contract "rights" not entailing any duty of performance, see U.C.C. § 2-210, Official Comment 5, must be deemed to include the bargained-for remedial procedure. See U.C.C. § 1-201(36) (defining "rights" to include "remedies"). Under the Code, moreover, and in New York where the UCC has been adopted, an assignee is entitled to enforce an arbitration clause as one of the rights acquired by assignment. At least one lower court has squarely held that a lender who takes an assignment of accounts receivable as security for a loan is required to follow the remedial procedure specified in the assigned contract. Cutting Room Appliances Corp. v. National Bronx Bank, 97 N.Y.S.2d 363 (Sup.Ct. Bronx Cty.1950).
Id. at 1471-72 (some citations omitted).[1] We agree with this analysis. Accordingly, where, as in the instant case, the assignee of the accounts receivable has brought suit *781 against an account debtor to recover payments made to others that the assignee alleges were due to the assignee, the assignee is subject to the arbitration provision in the underlying contract.
We reverse the order here appealed and remand to the trial court with directions that the trial court enter an order granting appellant's motion to compel arbitration.
BARFIELD, C.J.; MINER and PADOVANO, JJ., CONCUR.
NOTES
[1] Section 672.210(4), Florida Statutes, corresponds to U.C.C. § 2-210(4). Official Comment 5 to the section notes that subsection (4) "lays down a general rule of construction distinguishing between a normal commercial assignment, which substitutes the assignee for the assignor both as to rights and duties, and a financing assignment in which only the assignor's rights are transferred."