942 So.2d 995 (2006)
WOLF CREEK LAND DEVELOPMENT, INC., Petitioner,
v.
MASTERPIECE HOMES, INC., Respondent.
No. 5D06-2962.
District Court of Appeal of Florida, Fifth District.
December 1, 2006.
Ronald W. Sikes of Ronald W. Sikes, PLLC, Orlando, for Petitioner.
Kimberly A. Ashby of Akerman Senterfitt, Orlando, for Respondent.
*997 MONACO, J.
Wolf Creek Land Development, Inc., seeks certiorari review of an order of the trial court that granted the motions of the respondent, Masterpiece Homes, Inc., for a judgment on the pleadings on the first count of Wolf Creek's complaint in which it sought to foreclose a construction lien, and to dissolve the lis pendens filed by Wolf Creek with respect to the construction project that is the subject of this case. A second count for breach of contract remains to be litigated in the trial court. We deny the petition because Wolf Creek has failed to show that it is entitled to certiorari review.
Certiorari is a "special mechanism" by which a superior court under quite limited circumstances can direct a lower court to send up the record of a pending case so that the higher court can be made fully aware of the "events below and evaluate the proceedings for regularity." See Broward County v. G.B.V. Int'l, Ltd., 787 So.2d 838, 842 (Fla.2001). In order to be entitled to certiorari a petitioner must demonstrate that the order it seeks to have reviewed departs from the essential requirements of law; will cause material injury through subsequent proceedings in the case; and causes irreparable harm. See Sheridan Healthcorp, Inc. v. Total Health Choice, Inc., 770 So.2d 221, 222 (Fla. 3d DCA 2000).
Wolf Creek has not demonstrated that it is entitled to issuance of the writ, particularly because the petition fails the first requirement. The primary shortcoming is that there has been no adequate showing that the trial court's order departs from the essential requirements of law. In considering whether to grant certiorari a reviewing court should examine the seriousness of the error, if any, and use its discretion to correct an error "only when there has been a violation of [a] clearly established principle of law resulting in a miscarriage of justice." See Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 528 (Fla.1995); Combs v. State, 436 So.2d 93, 95-96 (Fla.1983). As explained in Allstate Ins. Co. v. Kaklamanos, 843 So.2d 885, 890 (Fla.2003), the clearly established law which if violated by an inferior court authorizes a district court of appeal to grant certiorari review, can derive from a variety of legal sources including case law dealing with the same issue, an interpretation or application of a statute, a procedural rule, or a constitutional provision.
The statutory issue raised by Wolf Creek in the present case is certainly debatable, but there appears to be no case law on the matter that has been pointed out by either side or that has been disclosed by our own independent research. As the order is not the subject of a clearly established principle of law, certiorari is not available to review it. Instead, it will have to wait for resolution when and if a plenary appeal is brought. See Stilson v. Allstate Ins. Co., 692 So.2d 979, 982 (Fla. 2d DCA 1997).
We note, in addition, that there is a second reason to decline to issue certiorari in this case. Petitioner has failed to demonstrate that it will suffer an irreparable injury for which there will be no adequate remedy after final judgment. See Haines City. Thus, the petition fails another of the requirements for certiorari.
PETITION DENIED.
TORPY and LAWSON, JJ., concur.