978 So.2d 187 (2008)
Thomas NICKERSON and Claire Nickerson, Petitioners,
v.
WATERMARK MARINA OF PALM CITY, L.L.C., a Florida Limited Liability Company, and Martin County Marine Corporation, Respondents.
No. 4D07-2422.
District Court of Appeal of Florida, Fourth District.
January 2, 2008.
Leif J. Grazi of the Law Offices of Grazi & Gianino, Stuart, for petitioners.
W. Thomas Wackeen and Shelly J. Stirrat of Fox, Wackeen, Dungey, Beard, Sobel, Bush & McCluskey, L.L.P., Stuart, for respondent Watermark Marina of Palm City, L.L.C.
PER CURIAM.
Thomas Nickerson and Claire Nickerson (collectively, the Nickersons), defendants below, sought certiorari and prohibition relief from a non-final order which granted the plaintiff's motion for release of a lis pendens bond, substituting a pledge of stock. By earlier order, this court denied the petition for writ of prohibition on the merits. We now grant the petition for writ of certiorari.
Watermark Marina of Palm City, L.L.C. (the buyer) contracted to purchase two parcels of real property, one owned entirely by the Nickersons and the other owned in part (4.7 percent) by the Nickersons and *189 in part by the Martin County Marine Corporation (the corporation), fifty percent of the shares of which the Nickersons own. The sale did not close and the buyer sued for specific performance, filing a notice of lis pendens, for which the trial court required the buyer to post a bond in the amount of $200,000. While the lawsuit was pending, the buyer purchased the other fifty percent of the shares in the corporation. Trial on the underlying specific performance lawsuit is anticipated to take place early in 2008.
After the lis pendens expired, the buyer did not seek its extension, but moved for release of bond. To ensure payment for any damages from the recording of the lis pendens for the period prior to its expiration, it proposed substituting as collateral a pledge of its stock in the corporation, up to the amount of $200,000 in value. The Nickersons opposed the motion, arguing that the stock could become worthless and a lis pendens bond should be in cash or a security that one would not need to attach or sell.
The trial court granted the motion for release of bond, and in a later order, it determined the value of stock for lis pendens bond substitution. The subsequent order allowed the buyer to substitute two hundred shares of stock in the corporation for the lis pendens bond currently posted, with an additional 100 shares held in escrow to cover any potential decline in the value of the pledged stock. The Nickersons sought certiorari relief.
The buyer argues that the Nickersons have not shown any injury that cannot be corrected on final appeal. If it is ultimately determined that the lis pendens bond was wrongful, and if the Nickersons become entitled to damages, and if the buyer refuses to pay, then this court may determine, on plenary appeal, whether the trial court erred in releasing the surety; thus, the same remedy which the Nickersons seek now is one which this court may grant on final appeal. We disagree.
Section 48.23(3), Florida Statutes (2006), provides, with respect to actions that are not founded on a duly recorded instrument or a chapter 713 lien, "the court may control and discharge the notice of lis pendens as the court may grant and dissolve injunctions." Defendant property holders may ask plaintiffs in such suits to post a bond to protect them from harm, Chiusolo v. Kennedy, 614 So.2d 491, 493 (Fla.1993), and "the trial court's discretion to require a bond is not limited only to cases in which the property-holder defendant can show irreparable harm. Rather, the trial court may also consider the likelihood of other damages which do not meet the standard of irreparable harm." Med. Facilities Dev., Inc. v. Little Arch Creek Props., Inc., 675 So.2d 915, 917 (Fla.1996). "[T]he trial court is not limited to considering whether the property-holder defendant will suffer irreparable harm when determining if a lis-pendens bond is required." Id. at 918.
If the refusal to order a lis pendens bond is a decision reviewable by certiorari, e.g., Florida Communities Hutchinson Island v. Arabia, 452 So.2d 1131 (Fla. 4th DCA 1984) (granting certiorari petition and holding trial court's failure to discharge lis pendens or require posting of bond as condition to maintenance of lis pendens constituted departure from essential requirements of law), then it seems the determination that other collateral may substitute for a bond previously required for that purpose also must be reviewable by certiorari.
The issue thus becomes whether the trial court departed from the essential requirements of law in allowing the buyer to post stock in the corporation as collateral in place of the surety bond. The only *190 authority on the question located by the Nickersons was Town of Davie v. Sloan, 566 So.2d 938 (Fla. 4th DCA 1990). In that case, this court held that the amount of an injunction bond, which was $2000, was the ceiling on damages for wrongful issuance of the injunction. The trial court had reduced an award of attorney's fees from $16,200 to the $2000 limit. This court's opinion reflected that previously there had been a motion to increase the bond, but "the trial court never made a specific ruling that the land would stand as a surety in lieu of increasing the bond. No order was ever entered increasing the bond from the original $2,000, nor did appellant appeal as to the sufficiency of the original $2,000 bond." Id. at 939. The issue of whether a non-liquid asset (such as land) may be used as a surety in place of a bond was not an issue for this court to resolve in that case.
The Nickersons emphasize that the purpose of the bond is to secure the recovery of damages sustained by the property owner if the lis pendens was improperly recorded. According to the Nickersons, if they should become entitled to payment from the bond, the trial court's order would require them to litigate over the then-present value of the collateral and also take steps to liquidate it to obtain the cash. Since the parties did not agree as to the value of the corporation or its stock, and the stock is in a closely held corporation, they argue that the substitution of stock for the bond previously issued is inappropriate.
Rather than pointing to authority permitting the substitution of other collateral for a lis pendens or an injunction bond, the buyer concludes there can be no departure where neither party has located a statute or Florida appellate court opinion which prohibits a trial court from substituting other collateral for a lis pendens surety bond. The setting of such a bond clearly is a matter within the trial court's discretion. See Med. Facilities Dev., Inc., 675 So.2d at 916-17; Suarez v. KMD Constr., Inc., 965 So.2d 184, 189 (Fla. 5th DCA 2007) ("The trial court is vested with considerable discretion with regard to considering whether a bond is necessary and, if so, what damages should be considered in setting the bond amount."). If the decision to order a bond is a matter of discretion, then so is the question of whether to allow collateral instead of the bond. Unless there is a clearly established principle of law contrary to the trial court's order, certiorari must be denied. E.g., Wolf Creek Land Dev., Inc. v. Masterpiece Homes, Inc., 942 So.2d 995 (Fla. 5th DCA 2006) (denying review of order granting judgment on the pleadings on count seeking to foreclose a construction lien, where issue appears to be one of first impression, and thus order is not subject of clearly established law).
However, we agree with the Nickersons' position: the language of section 48.23(3), allowing courts to control notices of lis pendens as injunctions, invokes Florida Rule of Civil Procedure 1.610(b), which provides, "No temporary injunction shall be entered unless a bond is given by the movant in an amount the court deems proper, conditioned for the payment of costs and damages sustained by the adverse party if the adverse party is wrongfully enjoined." (Emphasis added). A pledge of collateral simply is not a bond. Such collateral could be substituted for the bond only with the consent of both parties, which is not the case here.
We therefore conclude that the trial court departed in allowing the buyer to substitute shares of stock, over the Nickersons' objection, grant the petition, and quash the orders in question.
STONE and STEVENSON, JJ., concur.
POLEN, J., dissents with opinion.
*191 POLEN, J., dissenting.
I respectfully dissent. While the majority correctly points out there is no specific case or rule that allows the judge to substitute stock as collateral for a lis pendens bond, neither is there any prohibition against so doing. While I agree that the refusal to set a lis pendens bond is reviewable by certiorari, we are not dealing here with a refusal, but rather an attack as to the form (and apparently the value) of the proposed bond. Yet the trial court conducted a full evidentiary hearing, where respondents presented evidence of the value of the stock, and petitioners had full opportunity to present contrary evidence. It is interesting to note that one of the parcels of land that was the subject of the underlying litigation is owned almost entirely by a corporation[1], which in turn is owned 50 percent by petitioners and 50 percent by respondent Watermark. It is 200 shares of respondent's stock in that corporation that the trial court found was equal in value to the original $200,000 bond. In addition, the court ordered another $100,000 in stock of that corporation to be held in escrow in case the value of the stock should go down. I am not persuaded that this was a departure from any essential requirements of law. I also wonder if petitioners have truly demonstrated the necessary irreparable harm that cannot be remedied on plenary appeal. For these reasons, I would deny certiorari.
NOTES
[1] The petitioners own 4.7 percent of that parcel, and the corporation in question owns the rest.