LEVINE, J.,
concurring specially.
I agree with the majority that we do not have jurisdiction for second-tier certiorari review based upon the specific facts before us. Our inquiry is “limited to whether the circuit court afforded procedural due process and whether the circuit court applied the correct law.” Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 530 (Fla.1995).
The majority correctly asserts that our inquiry could end with the fact that the circuit court did not depart from clearly established precedent due to the fact there *705 is no controlling precedent that a bond requirement is unconstitutional when applied to non-resident, indigent litigants in a civil case. “Without such controlling precedent, we cannot conclude that either court violated a ‘clearly established principle of law.’ At worst, both courts misapplied the correct law. Their error is not a matter of disobedience to the law_” Stilson v. Allstate Ins. Co., 692 So.2d 979, 982 (Fla. 2d DCA 1997), cited with approval in Ivey v. Allstate Ins. Co., 774 So.2d 679, 682-88 (Fla.2000). Further, the “failure to apply the correct law, which is synonymous with departure from the essential requirements of the law, is something more than a simple legal error.” State v. Belvin, 986 So.2d 516, 525 (Fla.2008) (citation omitted).
The trial court reasonably applied the applicable law, which has been undisturbed by prior precedent. While the issue of the $100 bond requirement’s constitutionality is “certainly debatable, ... there appears to be no case law on the matter that has been pointed out by either side or that has been disclosed by our own independent research.” Wolf Creek Land Dev. Inc. v. Masterpiece Homes, Inc., 942 So.2d 995, 997 (Fla. 5th DCA 2006). Because the law pertaining to this bond requirement is not clearly established, a writ of certiorari is not available for second-tier review.
We need not consider whether the circuit court’s order results in a “miscarriage of justice.” Only if we found that the circuit court departed from the clearly established law would we continue our inquiry to determine if “such a departure was serious enough to result in a miscarriage of justice.” Heggs, 658 So.2d at 581 (citation omitted).
I would conclude that since the circuit court applied the correct law, we need not determine if a miscarriage of justice would result. Thus, our inquiry should end after we have determined that the correct law was applied, and second-tier certiorari review should be denied.
Petitioners make a compelling case for the merits of their position. In our constitution, access to the courts is one of the fundamental rights in the Declaration of Rights. Art. I, § 21, Fla. Const. (“The courts shall be open to every person for redress of any injury, and justice shall be administered without sale, denial or delay.”). It would be very easy to brush aside the requirements for second-tier cer-tiorari jurisdiction to get to the merits of this action. But, we are constrained by the law and the limits of our jurisdiction. “There is a great temptation in a case like this one to announce a ‘miscarriage of justice’ simply to provide precedent where precedent is needed.” Stilson, 692 So.2d at 983. That temptation also exists in this case, but we do not have the authority to succumb to that temptation and exercise jurisdiction.
The contours of jurisdiction are not so malleable for us to vindicate the rights of petitioners. As Justice Cardozo stated, “Jurisdiction exists that rights may be maintained. Rights are not maintained that jurisdiction may exist.” Berkovitz v. Arbib & Houlberg, 230 N.Y. 261, 130 N.E. 288, 291 (1921).