WOLF, J.,
Concurring.
I concur in the decision to deny the petition for writ of certiorari because there has been no demonstration of a departure from the essential requirements of law.
A petitioner seeking certiorari relief from an order granting discovery is required to demonstrate two circumstances: 1) the order constituted a departure from the essential requirements of law, and 2) production of the material will cause irreparable harm or injury that cannot be remedied on appeal. Commonwealth Land Title Ins. Co. v. Higgins, 975 So.2d 1169 (Fla. 1st DCA 2008).
The element of departure from the essential requirements of law concerns an examination of whether a legal error has occurred and the seriousness of the error. Wolf Creek Land Dev., Inc. v. Masterpiece Homes, Inc., 942 So.2d 995 (Fla. 5th DCA 2006). Mere legal error is insufficient to constitute a departure from the essential requirements of law but the error must amount “to ‘a violation of a clearly established principle of law and resulting in a miscarriage of justice.’ ” Byrd v. S. Prestressed Concrete, Inc., 928 So.2d 455, 457 (Fla. 1st DCA 2006) (quoting Combs v. State, 436 So.2d 93, 96 (Fla.1983)). Examination of the trial court’s legal decision in the instant case regarding the relevancy of the information sought concerns this first prong. Because I find no error occurred, much less a departure from the essential requirements of law, I concur in the decision to deny the petition.
The second prong concerning irreparable harm has nothing to do with the correctness of the trial court’s legal determination but rather the nature of the harm caused by the alleged erroneous legal decision. In the context of certiorari review of an order granting discovery, one must look at the legal reason asserted for not providing the information as well as the exact nature of the information sought to be protected.
For instance, irreparable harm may be demonstrated where it is alleged that the order compelling discovery involves the piercing of an evidentiary privilege. See Fla. E. Coast Ry. L.L.C. v. Jones, 847 So.2d 1118 (Fla. 1st DCA 2003) (discussing work product privilege); Cruz-Govin v. Torres, 29 So.3d 393 (Fla. 3d DCA 2010) (discussing medical privilege).
In the instant case, the asserted legal reason for denying discovery is relevance. The legal assertion that material is irrelevant standing alone does not demonstrate irreparable harm. Allstate Ins. Co. v. Langston, 655 So.2d 91 (Fla.1995). As stated by the majority, however, an inappropriate determination of relevance may cause irreparable harm depending on the information sought. Thus, inappropriate disclosure of irrelevant personal financial information may cause irreparable harm. Friedman v. Heart Inst, of Port St. Lucie, Inc., 863 So.2d 189, 194 (Fla.2003).
In the instant case, Mr. Heekin sought to protect personal financial information. If there had been a demonstration of a departure of essential requirements of law, the prong of irreparable harm would have been met. See Spry v. Prof'l Employer Plans, 985 So.2d 1187 (Fla. 1st DCA 2008) (granting certiorari relief from disclosure *440 of irrelevant financial information and recognizing the Florida constitutional protections from inappropriate release of such information). The majority’s focus on the correctness of the trial court’s ruling has nothing to do with the prong concerning irreparable harm.