# Third District Court of Appeal

## State of Florida

Opinion filed December 9, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-2671
Lower Tribunal No. 12-13342
_____

**Akin Bay Company, LLC,**
Appellant,

vs.

**Philip J. Von Kahle,**
Appellee.

An Appeal from a non-final order the Circuit Court for Miami-Dade County, John W. Thornton, Jr., Judge.

Kozyak Tropin & Throckmorton and Corali Lopez-Castro and Mindy Y. Kubs; Lilly Ann Sanchez, for appellant.

Markowitz Ringel Trusty & Hartog and Adrian C. Delancy; Kula & Associates and Elliot B. Kula and W. Aaron Daniel, for appellee.

Before SUAREZ, C.J., and SHEPHERD and LOGUE, JJ.

SHEPHERD, J.

The issue in this non-final appeal is whether an assignee for the benefit of creditors, appointed pursuant to section 727.104 of the Florida Statutes (2012), is bound by a mediation and arbitration clause in an assignor's agreement with a third-party.[1] We answer the question in the affirmative and reverse the contrary ruling of the trial court.

On April 3, 2012, Italkitchen International, Inc., Eurokitchen, Inc., Euro Group International Corp., JTN Holdings, Inc., Eurogroup Canada, Inc., Design District Holdings of Miami, LLC, and EK Holdings LLC (collectively "Assignors" or "Italkitchen") executed assignments for the benefit of creditors pursuant to Chapter 727.104 in favor of Philip J. Von Kahle as assignee. Pursuant to the assignment, Von Kahle took possession of all the assets of the assignors, including all claims and demands which may exist against third parties. See §§ 727.104, 727.108, Fla. Stat. (2012). On July 11, 2014, Von Kahle filed an action against Italkitchen's investment banker and financial services advisor, Akin Bay Company, LLC, alleging that Akin Bay had breached its fiduciary duty to Italkitchen and had been the recipient of fraudulent transfers by Italkitchen prior to the date of the assignment. Akin Bay responded with a motion to dismiss or stay the proceedings on the ground that the agreement by which it supplied its services

---

[1] We have jurisdiction under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv), which authorizes district courts of appeal to review non-final orders adjudicating "the entitlement of a party to arbitration or appraisal under an insurance policy."

to Akin Bay stipulated that any dispute between Akin Bay and Italkitchen was to be resolved by compulsory mediation, followed, if necessary, by mandatory arbitration.  The contractual provision reads as follows:

> Any disputes between the parties hereto **arising out of or relating to** this Agreement or the breach thereof shall first be referred for compulsory mediation by JAMS in a proceeding in New York, New York...In the event that, after the lapse of time provided in Schedule II, mediation has not resolved the dispute, the parties agree that neither party may or will commence a civil action concerning such dispute, and such dispute will thereafter be exclusively settled by mandatory arbitration in an arbitration proceeding conducted in the County of New York, State of New York in accordance with the Commercial Rules and Mediation Procedures.

(Emphasis added).  Von Kahle contended, below and now on appeal, that the clause is not enforceable against him in his position as assignee for the benefit of creditors because (1) he was not a party to the agreement, and (2) the claims alleged in the complaint do not "arise out of or relate to" the agreement executed by Akin Bay and Italkitchen.  We disagree with both of these assertions.

Under Florida's Assignment for the Benefit of Creditors statute, §§ 727.101 et seq., Fla. Stat. (2014), the assignor conveys all of its assets, except those exempt from levy and sale under an execution, to an assignee chosen by the assignor.  § 727.103(1).  Collectively, these assets create an "estate."  § 727.103.  The assignee is then charged with the obligation to "[c]ollect and reduce to money the assets of the estate, whether by suit in any court of competent jurisdiction, or by public or

3

private sale, including but not limited to, prosecuting any tort claims or causes of action which were previously held by the assignor." § 727.108(1).[2]

The assignee stands in the shoes of the assignor for this purpose. See §727.104; Naples Awning & Glass, Inc. v. Cirou, 424 So. 2d 207, 209 (Fla. 2d DCA 1983). For this reason, with minor exceptions prescribed by the statute,[3] the assignee cannot stand in any better position than his assignor. Under both New York law, which application is stipulated to apply by the agreement in this case, and Florida law, an assignee "is subject to all the equities and burdens which attach to the property." Int'l Ribbon Mills, Ltd. v. Arjan Ribbons, Inc., 325 N.E. 2d 137, 139 (N.Y. 1975); see also Cone Constructors, Inc. v. Drummond Cmty. Bank, 754 So. 2d 779, 780 (Fla. 1st DCA 1989) (recognizing that assignee was bound by the terms of assigned contract, including arbitration provision). "An assignee is in no better or worse position than his assignor." Bronx Entm't LLC v. St. Paul's Mercury Ins. Co., 265 F. Supp. 359, 361 (S.D.N.Y. 2003). While it could have done so, see supra note 3, the Legislature did not limit the ability of third parties to

---

[2] See generally, Moffatt & Nichol, Inc. v. B.E.A. Int'l Corp., 48 So. 3d 896, 899 (Fla. 3d DCA 2010).

[3] See, e.g., § 727.105 (prohibiting levy, execution, attachment, or the like against assets of the assignment estate, except in the case of a consensual lienholder); § 727.108(1) (authorizing an assignee to prosecute tort claims or causes of action previously held by the assignor "regardless of any generally applicable law concerning nonassignability"); § 727.108(1)(b) (prohibiting third-parties from asserting any "defense based on the assignor's acquiescence, cooperation or participation in the wrongful act" in any action brought by the assignee against the third-party).

assert their contractual right to enforce arbitration clauses during the assignment for benefit of creditors' liquidation process. Accordingly, the mediation and arbitration clause in the agreement in this case is enforceable against Von Kahle despite the fact that he was not a signatory to the agreement.

We also hold that the claims alleged in the complaint "arise out of or relate to" the agreement executed by the assignor and Akin Bay. A claim "arises out of or relates to" an agreement if it "at a minimum, raise[s] some issue the resolution of which requires reference to or construction of some portion of the contract itself." Seifert v. U.S. Home Corp., 750 So. 2d 633, 638 (Fla. 1999). The Seifert court articulated the test as follows:

> If the contract places the parties in a unique relationship that creates new duties not otherwise imposed by law, then a dispute regarding a breach of a contractually-imposed duty is one that arises from the contract. Analogously, such a claim would be one arising from the contract terms and therefore subject to arbitration where the contract required it. If, on the other hand, the duty alleged to be breached is one imposed by law in recognition of public policy and is generally owed to others besides the contracting parties, then a dispute regarding such a breach is not one arising from the contract, but sounds in tort. Therefore, a contractually-imposed arbitration requirement . . . would not apply to such a claim.

Id. at 640.

The factual allegations of the complaint filed in the instant case show a significant relationship exists between the claims and the parties' agreement. The fiduciary duty count of the complaint alleges, in substance, that Akin Bay failed to

5

scrutinize Italkitchen's financial condition before securing loans for the company, thereby causing harm to the business. Akin Bay's due diligence obligation as to Italkitchen's financial solvency is expressly outlined in the first section of the agreement. The assignee's breach of fiduciary duty claim is grounded on this section of the agreement.

The fraudulent transfer claims also arise out of the agreement. Von Kahle argues that because these claims are statutory in nature, i.e. created under Chapter 726 of the Florida Statutes, they cannot "arise out of or relate to" the agreement as a matter of law. He supports this contention by analogizing the relationship of a trustee in a bankruptcy proceeding to an assignee under Florida's assignment for the benefit of creditors law and citing to the bankruptcy cases of Hays and Company v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 885 F. 2d 1149 (3d Cir. 1989) and In re: Oakwood Homes Corporation, 2005 WL 670310 (Bankr. D. Del. 2005). However, the Third Circuit Court of Appeals has recently clarified these cases to explain that there is no per se rule prohibiting arbitration of statutory claims in bankruptcy proceedings. In In Re Mintze, 434 F.3d 222, 229 (3d Cir. 2006), the Third Circuit held that "the FAA [Federal Arbitration Act] mandates enforcement of applicable arbitration agreements even for federal statutory claims." The court indicated however, "If a party opposing arbitration can demonstrate that 'Congress intended to preclude a waiver of judicial remedies for

the statutory rights at issue,' the FAA will not compel courts to enforce an otherwise applicable arbitration agreement." Id. (citing Shearson/Am. Exp., Inc. v. McMahon, 482 U.S. 220, 227 (1987)). Applying the standard enunciated by McMahon, we find nothing in the Florida assignment for the benefit of creditors law to suggest the Florida Legislature intended to prohibit the enforcement of arbitration agreements in assignment for the benefit of creditors proceedings under Chapter 727.[4] We also find that the fraudulent transfer claims brought by the assignee fall within the scope of the arbitration agreement in this case. The crux of the fraudulent transfer claims is that Akin Bay was paid fees by Italkitchen pursuant to the compensation provisions of the agreement, and the assignee now contends those fees were paid without Italkitchen receiving reasonably equivalent value in return. Again, the agreement lies at the heart of this controversy.

For these reasons, we reverse the order denying the Motion to Dismiss Complaint or Motion for Stay Pending Arbitration in this case, and remand the case for further proceedings in compliance with this opinion.

Reversed and remanded.

---

[4] Florida's assignment for benefit of creditors statute is intended as an economical and efficient alternative to the Federal Bankruptcy Act. Accordingly, we permit ourselves the liberty of looking to federal bankruptcy law for guidance in interpreting our own statute when it is appropriate to do so. See, e.g., Moffat & Nichols, 48 So. 3d at 899, n. 5.

7