# Third District Court of Appeal

## State of Florida

Opinion filed December 23, 2020.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1317
Lower Tribunal Nos. 20-12770, 20-12750, 20-12763, and 20-12748
_____

**In Re: Assignment for the Benefit of Creditors of Miami Perfume Junction, Inc., et al.,**
Petitioners,

vs.

**Leslie S. Osborne, etc.,**
Respondent.

On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, William Thomas, Judge.

Coffey | Burlington, P.L., and Kendall B. Coffey, Jeffrey B. Crockett, Kevin C. Kaplan, and Jared W. Whaley, for petitioners.

Bast Amron LLP, and Brett M. Amron, Scott N. Brown, and Peter J. Klock, II, for respondent.

Before EMAS, C.J., and LOGUE and MILLER, JJ.

PER CURIAM.

**INTRODUCTION AND BACKGROUND**

In four jointly administered cases below, involving assignments for the benefit of creditors pursuant to Chapter 727, Florida Statutes (2020),[1] Petitioners, four companies in the business of selling perfume and cosmetics,[2] voluntarily assigned their right, title, and interest in all assets to the assignee, Leslie S. Osborne ("Assignee"). Petitioners additionally and expressly assigned to Assignee "all books, records, and electronic data pertaining to all such assets," and irrevocably appointed Assignee their true and lawful attorney with "full power and authority to do all acts and things which may be necessary to execute the assignment." § 727.104(b), Fla. Stat. (2020).

The Assignee's obligations under Chapter 727 included liquidating the assets and resolving any open claims against Petitioners' estates. See § 727.108(1), Fla. Stat. (2020). Accordingly, Assignee, through counsel, served variougoos third parties, including accountants and attorneys, seeking, inter alia, production of information related to the Petitioners' business and financial affairs.

In response, a law firm that formerly acted as counsel to the Petitioners requested confirmation that the Assignee was the owner of their attorney-client

---

[1] The purpose of Chapter 727 "is to provide a uniform procedure for the administration of insolvent estates, and to ensure full reporting to creditors and equal distribution of assets . . . ." § 727.101, Fla. Stat. (2020).
[2] Miami Perfume Junction, Inc., 2851 Investments, LLC, Clarus Group, Inc. and Doral International Products, LLC.

privilege. The Assignee, in turn, filed a motion with the court to determine that he is the owner of the attorney-client and accountant-client privileges of the Petitioners so that, in performing his duties as Assignee, he may obtain the requisite information and move forward with the administration of the estates.

The trial court entered an order determining that once the Petitioners executed the assignment documents, the attorney-client and accountant-client privileges passed to the Assignee and therefore, that the Assignee has "full and complete access to all books, records and communications" of the Petitioner entities.

The Petitioners petition this court for writ of certiorari, seeking to have the trial court's order quashed. Because we conclude that the Petitioners have failed to establish that the trial court departed from the essential requirements of the law, we deny the petition.

## DISCUSSION AND ANALYSIS

In carrying out the purpose of Chapter 727, an assignee is directed to:

Collect and reduce to money the assets of the estate, whether by suit in any court of competent jurisdiction or by public or private sale, including, but not limited to, prosecuting any tort claims or causes of action that were previously held by the assignor, regardless of any generally applicable law concerning the nonassignability of tort claims or causes of action.."

§ 727.108(1), Fla. Stat. (2020).

In furtherance of these duties, section 727.104(b) requires that the assignment be in substantially the form as set forth in that subsection, and requires not merely

3

the assignment of all assets (including causes of action) of the insolvent estate, but also the assignment of all books, records, and electronic data pertaining to those assets.

As to these principles, the parties are in agreement. However, Petitioners contend that they are entitled to certiorari relief on the issue of whether the assignment additionally transferred to Assignee the authority to assert Petitioners' attorney-client and accountant-client privileges.

The trial court, following a hearing, concluded that these privileges were transferred to the Assignee despite the statute's silence on the issue and the lack of Florida case law directly on point. Instead, the trial court looked to federal bankruptcy decisions for guidance, ultimately concluding that bankruptcy law "supports the finding that authority to assert the corporation's attorney-client and accountant-client privilege passes with the transfer" under Chapter 727.

Petitioners contend that the trial court departed from the essential requirements of the law, causing irreparable harm which cannot be corrected on post-judgment appeal. We decline to reach the merits of the petition, because it fails to meet the first element required for certiorari relief: an adequate showing that the trial court's order constitutes a departure from the essential requirements of law. See Reeves v. Fleetwood Homes of Florida, Inc., 889 So. 2d 812, 822 (Fla. 2004) (observing: "It is well settled that to obtain a writ of certiorari, there must exist (1)

4

a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case (3) that cannot be corrected on postjudgment appeal.") (citation omitted).[3]

The nature and scope of certiorari is limited, requiring a petitioner to establish more than mere legal error. In defining the contours and limitations of certiorari, our Supreme Court further expounded on the first element:

> In granting writs of common-law certiorari, the district courts of appeal should not be as concerned with the mere existence of legal error as much as with the seriousness of the error. Since it is impossible to list all possible legal errors serious enough to constitute a departure from the essential requirements of law, the district courts must be allowed a large degree of discretion so that they may judge each case individually. The district courts should exercise this discretion only when there has been a *violation of clearly established principle of law resulting in a miscarriage of justice*.

---

[3] We note that the last two elements (material injury for the remainder of that case that cannot be corrected on postjudgment appeal), often referred to jointly as "irreparable harm," are jurisdictional in nature and must be satisfied before this court may decide the merits of a petition for writ of certiorari. See Williams v. Oken, 62 So. 3d 1129, 1132 (Fla. 2011). We have jurisdiction, as it is well-established that orders requiring disclosure of documents protected by an attorney-client or account-client privilege constitute the type of irreparable harm sufficient to satisfy the jurisdictional component for certiorari relief. See, e.g., Allstate Ins. Co. v. Langston, 655 So. 2d 91, 94 (Fla. 1995) (holding: "Discovery of certain kinds of information may reasonably cause material injury of an irreparable nature. This includes 'cat out of the bag' material that could be used to injure another person or party outside the context of the litigation, and material protected by privilege, trade secrets, work product, or involving a confidential informant may cause such injury if disclosed.")(additional quotation and citation omitted); Am. Med. Sys., LLC v. MSP Recovery Claims, Series LLC, 290 So. 3d 548 (Fla. 3d DCA 2019); Coffey-Garcia v. S. Miami Hosp., Inc., 194 So. 3d 533 (Fla. 3d DCA 2016).

Haines City Comm. Dev. v. Heggs, 658 So. 2d 523, 528 (Fla. 1995) (quoting Combs

v. State, 436 So. 2d 93, 95-96 (Fla. 1983)) (emphasis added in Haines City).

The issue raised by petitioners in the instant case appears to be one of first

impression in Florida.  The parties acknowledge that the statute does not expressly

address the question, nor has any decision of Florida's district courts or Supreme

Court directly addressed the issue.

As our sibling court noted in under similar circumstances in Wolf Creek Land

Dev., Inc. v. Masterpiece Homes, Inc., 942 So. 2d 995, 997 (Fla. 5th DCA 2006):

> [T]he statutory issue raised. . . in the present case is certainly debatable,
> but there appears to be no case law on the matter that  has been pointed
> out by either side or that has been disclosed by our own independent
> research. As the order is not the subject of a clearly established principle
> of law, certiorari is not available to review it. Instead, it will have to
> wait for resolution when and if a plenary appeal is brought.
> As this court has previously observed:
>
> Florida's assignment for benefit of creditors statute is intended as an
> economical and efficient alternative to the Federal Bankruptcy Act.
> Accordingly, we permit ourselves the liberty of looking to federal
> bankruptcy law for guidance in interpreting our own statute when it is
> appropriate to do so.

Akin Bay Co., LLC v. Von Kahle, 180 So. 3d 1180, 1184 (Fla. 3d DCA 2015).  See

also Moffatt & Nichol, Inc. v. B.E.A. Int'l Corp., 48 So. 3d 896, 899 (Fla. 3d DCA

2010); Braswell v. Braswell,  881 So. 2d 1193 (Fla. 3d DCA 2004) (considering

federal bankruptcy law in determining whether an obligation was in the nature of

alimony, and thus not dischargeable in bankruptcy, or was in the nature of support

6

or property settlement, and dischargeable); <u>Moecker v. Antoine</u>, 845 So. 2d 904, 911 (Fla 1st DCA 2003) (observing: "State courts often look to federal bankruptcy law for guidance as to legal issues arising in proceedings involving assignments for the benefit of creditors.")

Therefore, the trial court's decision, even if erroneous as claimed by petitioners, cannot reasonably be said to violate a clearly established principle of law, and therefore certiorari is not available to review it. While the parties may understandably lament the unsatisfying nature of this result, it is faithful to, and consistent with, the narrow scope of certiorari review.

Petition denied.