# DISTRICT COURT OF APPEAL OF FLORIDA
## SECOND DISTRICT

_____


SYNERGY CONTRACTING GROUP, INC., a/a/o
Anthony and Dorothy Shuttleworth,

Appellant,

v.

PEOPLE'S TRUST INSURANCE COMPANY,

Appellee.


No. 2D2022-0698


_____


June 7, 2024

Appeal from the County Court for Pinellas County; John Carassas, Judge.

Earl I. Higgs, Jr., of Higgs Law, P.A., Orlando, for Appellant.

Mark D. Tinker of Cole, Scott & Kissane, P.A., Tampa; and Brett Frankel and Jonathan Sabghir of People's Trust Insurance Company, Deerfield Beach, for Appellee.


SLEET, Chief Judge.

Synergy Contracting Group, Inc., as assignee of Anthony and Dorothy Shuttleworth, challenges the final summary judgment entered in favor of People's Trust Insurance Company in Synergy's breach of

contract action against People's Trust.  Because there is no genuine dispute as to any material fact and because the facts establish that People's Trust complied with the plain language of the insurance policy, we affirm.

The Shuttleworths purchased a home insurance policy with People's Trust.  That policy includes a preferred contractor endorsement which states that when a covered loss occurs to the insured's property "and repairs are necessary to protect property from further damage," the insured must notify People's Trust "before authorizing or commencing repairs so [People's Trust], at [its] option, may select Rapid Response Team, LLC, to make the covered reasonable repairs."  The endorsement also provides that if the insured fails to comply with this requirement, People's Trust's obligation for "repairs made to protect the covered property from further damage" is the lesser of the reasonable costs incurred for the repairs or the amount People's Trust would have paid Rapid Response Team.

Independent of the policy and endorsement, People's Trust entered into a service agreement with Rapid Response Team by which the latter would perform "property loss mitigation, remediation[,] and repair" services for a flat fee of $2,000 per assignment.

The Shuttleworths suffered water damage at their home and contracted with Synergy for remediation and repair of the water damage. The Shuttleworths assigned to Synergy their rights under their insurance policy, and Synergy ultimately submitted to People's Trust an invoice for more than $5,000 for water mitigation services.  People's Trust, however, only paid $2,000 on the claim, citing the policy's preferred contractor endorsement.  As a result, Synergy filed the instant breach of contract suit.

2

People's Trust moved for summary judgment, arguing that pursuant to the policy's endorsement, it had the option of having Rapid Response Team perform any repairs necessary to prevent further damage. People's Trust maintained that the Shuttleworths breached the policy by authorizing Synergy to perform such repairs prior to notifying the insurer of their claim. It further argued that pursuant to the policy, in the case of such a breach by an insured, it only had to pay the service contract amount of $2,000.

The trial court agreed with People's Trust and entered final summary judgment in its favor, concluding that the plain language of the endorsement required the Shuttleworths to notify People's Trust when "repairs [we]re necessary to protect covered property from further damage . . . *before* authorizing or commencing repairs so [People's Trust], at [its] option [could] select Rapid Response Team, LLC, to make the covered reasonable repairs." (Emphasis added.) Synergy challenges this order on appeal.

We review a trial court's granting of summary judgement de novo. *Volusia County v. Aberdeen at Ormond Beach, L.P.*, 760 So. 2d 126, 130 (Fla. 2000). The trial court should grant summary judgment only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fla. R. Civ. P. 1.510(a). "The moving party bears the initial burden of identifying those portions of the record demonstrating the lack of a genuinely disputed issue of material fact." *Brevard County v. Waters Mark Dev. Enters.*, 350 So. 3d 395, 398 (Fla. 5th DCA 2022) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "If the movant does so, then the burden shifts to the [nonmoving] party to demonstrate that there are genuine factual disputes that preclude judgment as a matter of law." *Id.*

3

Here, People's Trust met its initial burden of establishing that the record lacks any evidence of a factual dispute and that it is entitled to summary judgment as a matter of law based on the plain wording of the policy's preferred contractor endorsement. Synergy attempts to evade summary judgment by arguing that the endorsement is invalid for a number of reasons.

Synergy first argues that the endorsement was unenforceable against it because neither it nor the Shuttleworths agreed to the terms of the endorsement and neither was made aware that People's Trust and Rapid Response Team had a service contract by which People's Trust would only have to pay $2,000 for mitigation services. Synergy also points out that by the time the Shuttleworths were made aware of the service agreement, Synergy already had completed those services. We find no merit in Synergy's argument.

"An insurance policy's coverage is defined by the policy's plain language." *People's Tr. Ins. Co. v. Restoration Genie Inc.*, 336 So. 3d 332, 335 (Fla. 4th DCA 2022) (citing *Fayad v. Clarendon Nat'l Ins. Co.*, 899 So. 2d 1082, 1086 (Fla. 2005)). And "the rule of liberal construction in favor of the insured applies only when a genuine inconsistency, uncertainty, or ambiguity in meaning remains after resort to the ordinary rules of construction." *Id.* (quoting *Arguello v. People's Tr. Ins. Co.*, 315 So. 3d 35, 38 (Fla. 4th DCA 2021)).

Here, the language of the policy is clear that the Shuttleworths must provide notice of a claim prior to authorizing work on that claim, and the fact that the endorsement does not lay out the separate contract between People's Trust and Rapid Response Team—a contract to which the insureds are not a party—does not change that fact.

4

The service agreement does not amend the policy. It does not create a different policy limit for coverage. Nor did the service agreement need to be incorporated into the policy, where it was simply offered to prove how much insurer would have paid [Rapid Response Team] for the work. No policy provision prevents [Rapid Response Team] from providing what may be a volume discount to [People's Trust] through its service agreement.

*Id.* at 336 (addressing the specific policy, endorsement, and service contract at issue in the instant case).

Synergy also argues on appeal that the endorsement should not be enforced in this case because it is procedurally and substantively unconscionable. First, Synergy argues that the endorsement is procedurally unfair because, without knowledge of People's Trust separate agreement with Rapid Response Team, the insureds could not make a meaningful choice on whether to enter into the insurance contract. We do not agree.

In exchange for accepting the endorsement, the Shuttleworths received a reduction in their premium. They "could have rejected the preferred contractor endorsement, but instead opted for a very modest discount on price in return for being bound to use [Rapid Response Team] to mitigate . . . any property loss." *Id.* The amount that People's Trust would pay Rapid Response Team is immaterial to the relevant purposes of the insurance contract, which were (1) that repair work necessary to prevent further damage would be completed and (2) that People's Trust would pay for it. Furthermore, in the same way that the Shuttleworths could have rejected the preferred contractor endorsement, Synergy did not have to contract with the Shuttleworths. Before entering into the assignment—and thereby placing itself in the Shuttleworths'

5

shoes[1]—Synergy should have made itself aware of the policy provisions to which it was subjecting itself, including the preferred contractor endorsement. If it was not satisfied that the endorsement was clear as to the amount of payment, Synergy should have obtained that information before freely entering into the assignment contract.

We likewise reject Synergy's argument that the endorsement is substantively unconscionable. "Substantive unconscionability . . . requires an assessment of whether the contract terms are 'so "outrageously unfair" as to "shock the judicial conscience." ' " *Bland ex rel. Coker v. Health Care & Ret. Corp. of Am.*, 927 So. 2d 252, 256 (Fla. 2d DCA 2006) (quoting *Gainesville Health Care Ctr. v. Weston*, 857 So. 2d 278, 285 (Fla. 1st DCA 2003)). "A substantively unconscionable contract is one that 'no man in his senses and not under delusion would make on the one hand, and as no honest and fair man would accept on the other.' " *Id.* (quoting *Belcher v. Kier*, 558 So. 2d 1039, 1044 (Fla. 2d DCA 1990)). The insurance contract at issue here does not meet this definition. In exchange for a premium reduction, the Shuttleworths accepted that the insurer had the option to employ its own contractor to complete necessary mitigation repairs at a price to be paid by the insurer, and as protection for the insurer, the insured agreed that the insurer would pay no more than what it would have paid its preferred contractor. This is a mutual bargain entered into freely.

Finally, Synergy argues that even if the endorsement was enforceable against it, genuine issues of material fact remain as to whether its mold remediation and "as-built" estimates were covered by

---

[1] *See Akin Bay Co. v. Von Kahle*, 180 So. 3d 1180, 1182-83 (Fla. 3d DCA 2015) ("The assignee stands in the shoes of the assignor . . . [and] cannot stand in any better position than [the] assignor.").

People's Trust's $2,000 payment for reasonable repairs to prevent further damage.[2]  After People's Trust sent its $2,000 payment to Synergy and Synergy accepted that payment, Synergy sent People's Trust separate estimates for the cost of mold remediation and as-built restoration work. Synergy attached these estimates to its complaint, in which it sought payment for "all unpaid bills with interest on any overdue payments."

In its motion for summary judgment, People's Trust argued, among other things, that there was no evidence in the record that Synergy ever filed a demand with People's Trust for these estimated amounts and that, therefore, it cannot be in breach of contract for failing to pay amounts never demanded.  Synergy attached the estimates to its response to the summary judgment motion and cited them as evidence that it "demanded payment of two estimates," but nothing on the face of the estimates demands payment of any kind.  At the summary judgment hearing, counsel for People's Trust again stated that "there is still no proof" that the mold and as-built estimated amounts "were actually demanded during the presuit process" and argued that People's Trust was not required to pay the estimated amounts "because [Synergy is] not suing on all of these estimates . . . nor was there any single demand, it was simply submission of various different estimates at various different times."

In granting summary judgment, the trial court did not specifically address these estimates but did state that People's Trust paid the $2,000, that Synergy accepted it, and that "anything they filed for above

---

[2] A discussion at the summary judgment hearing indicates that "as-built" estimates are estimates of the cost of restoring the home to its preloss condition.

that I don't believe would be recoverable in this particular case . . . . I do believe that this case for this particular claim is over."

After People's Trust met its initial burden of establishing the absence of any disputed material facts, *see* Fla. R. Civ. P. 1.510(a), the burden shifted to Synergy to demonstrate a genuinely disputed material fact, *see Waters Mark Dev. Enters.*, 350 So. 3d at 398. But Synergy has not provided any proof that it demanded payment for any other covered losses and therefore cannot establish that People's Trust breached the insurance contract by failing to pay amounts it was never asked to pay. *See Carter v. Blue House Painting & Remodeling, LLC*, 367 So. 3d 618, 619 (Fla. 2d DCA 2023) ("Under [rule 1.510(a)], . . . 'the correct test for the existence of a genuine factual dispute is whether "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." ' " (quoting *In re Amends. to Fla. Rule of Civ. Proc. 1.510*, 317 So. 3d 72, 75 (Fla. 2021))).

However, we stress that this opinion should not be read to suggest that the Shuttleworths are not entitled to coverage for restoration if their insurance policy so provides. The trial court clearly limited its ruling to "this particular claim" "in this particular case," and any arguments with regard to any other coverage the Shuttleworths may be entitled to are not properly before this court at this time.

Synergy has not established that the trial court erred in granting summary judgment for People's Trust. The Shuttleworths breached the plain language of the policy's endorsement, and People's Trust properly limited recovery for "repairs made to protect the covered property from further damage" to $2,000.

Affirmed.

NORTHCUTT and LUCAS, JJ., Concur.

—————————————————

Opinion subject to revision prior to official publication.