855 So.2d 145 (2003)
BRANDSMART and FCCI Insurance Group, Petitioners,
v.
Thomas SCHAFFER, Respondent.
No. 1D02-2526.
District Court of Appeal of Florida, First District.
August 14, 2003.
Rehearing Denied October 1, 2003.
*146 H. George Kagan, of Miller, Kagan, Rodriguez and Silver, P.A., West Palm Beach, for Petitioners.
Gilbert R. Panzer, Jr., West Palm Beach, and Bill McCabe, of Shepherd, McCabe & Cooley, Longwood, for Respondent.
PER CURIAM.
Petitioners seek a writ of certiorari to review an order of the judge of compensation claims compelling discovery. We grant the petition for writ of certiorari and quash a portion of the order requiring the deponent, a non-party employee of petitioner Brandsmart, to answer questions involving personal information.
It appears that questions asking the deponent where she lived, whether she received compensation or other benefit depending on the amount of workers' compensation benefits or premiums paid, and whether she received money from the workers' compensation carrier, either were necessary to allow claimant to conduct an appropriate investigation of the deponent or were reasonably calculated to lead to discovery of admissible evidence. Accordingly, with regard to those questions, we conclude that the order of the judge of compensation claims does not depart from the essential requirements of law.
It does not appear, however, that the remaining questions posed at the deposition, which the deponent has now been ordered to answer, are relevant or reasonably calculated to lead to the discovery of admissible evidence. It further appears that these questions were harassing and unreasonably intrusive. Under the circumstances of this particular case, we conclude *147 that the failure of the judge of compensation claims to analyze the need for the requested discovery was a departure from the essential requirements of law which, if uncorrected, will lead to irreparable harm.[1] The matter is remanded for the judge of compensation claims to reconsider the necessity for any additional discovery.[2]
GRANTED IN PART; DENIED IN PART.
BARFIELD, BROWNING and LEWIS, JJ., CONCUR.
NOTES
[1] See, e.g., Woodward v. Berkery, 714 So.2d 1027, 1035 (Fla. 4th DCA 1998)

("The constitution of the State of Florida contains an express right of privacy. Although there is no catalogue in our constitutional provision as to those matters encompassed by the term privacy, it seems apparent to us that personal finances are among those private matters kept secret by most people. ... Private financial worth information is thus usually withheld from the world at large unless the courts compel such disclosure. Even then, disclosure is made only so far as necessary.")
Alterra Healthcare Corp. v. Estate of Francis Shelley, 827 So.2d 936 (Fla.2002) (In the context of considering a relevancy objection, the trial court can consider the constitutional rights of third parties who would be substantially affected by the outcome of the litigation. As appropriate, the trial court may conduct an in-camera inspection of the subject records and in that context balance the right to privacy and the right to know.)
[2] Although the judge of compensation claims did not specifically rule on the motion to compel the deponent to produce her personal tax returns, we note that before ordering production of the tax returns sought, the judge of compensation claims should conduct an in-camera review of the tax returns to ascertain whether the returns contain information relevant to the pending matter. Voytish v. Ozycz, 695 So.2d 1301 (Fla. 4th DCA 1997).