985 So.2d 1187 (2008)
Dawn SPRY, Petitioner,
v.
PROFESSIONAL EMPLOYER PLANS d/b/a IHOP and Gallagher Bassett Services, Inc., Respondents.
No. 1D07-6028.
District Court of Appeal of Florida, First District.
July 7, 2008.
*1188 L. Anton Rebalko, Coral Springs, for Petitioner.
H. George Kagan of Miller, Kagan, Rodriguez & Silver, P.L., West Palm Beach, for Respondents.
BROWNING, C.J.
In this workers' compensation case, Respondents moved to compel disclosure of Petitioner/Claimant's financial information. The judge of compensation claims (JCC) granted the motion; Claimant now seeks certiorari review of that ruling. We hereby grant the petition for certiorari because Respondents did not demonstrate the relevance of the information, and disclosure would cause irreparable harm.
This Court grants such a certiorari petition "when a discovery order departs from the essential requirements of law, causing material injury of an irreparable nature which cannot be remedied on appeal from a final order." Commonwealth Land Title Ins. Co. v. Higgins, 975 So.2d 1169, 1176 (Fla. 1st DCA 2008). Irreparable harm is a condition precedent to invoking certiorari jurisdiction, and so should be considered first. Id. (citing Jaye v. Royal Saxon, Inc., 720 So.2d 214, 215 (Fla.1998)).
Here, Petitioner's disclosure of the requested information will cause irreparable harm, simply because it is financial information; the Florida Supreme Court has recognized that "the disclosure of personal financial information [via discovery] may cause irreparable harm to a person forced to disclose it, in a case in which the information is not relevant." Friedman v. Heart Inst. of Port St. Lucie, Inc., 863 So.2d 189, 194 (Fla.2003) (citations omitted).
And the JCC departed from the essential requirements of law by ordering discovery without considering evidence as to its relevance. Case law holds that, in considering whether to permit discovery, a judge should consider whether the information sought is relevant or reasonably calculated to lead to the discovery of admissible evidence. Brandsmart v. Schaffer, 855 So.2d 145, 146 (Fla. 1st DCA 2003). The relevance of financial information should be determined only after an evidentiary hearing, because "the Florida Constitution protects the financial information of individuals if there is no relevant or *1189 compelling reason to compel disclosure." Borck v. Borck, 906 So.2d 1209, 1211 (Fla. 4th DCA 2005). The party seeking discovery must provide evidence to show that the information is relevant. Vega v. Swait, 961 So.2d 1102 (Fla. 4th DCA 2007). In the instant case, although a hearing was held, Respondents presented no evidence as to the relevance of Claimant's financial information. Accordingly, the JCC could not have considered any such evidence, and so granting discovery was a departure from the essential requirements of law.
For these reasons, we GRANT the petition for certiorari review, and QUASH the order granting Respondents' motion to compel discovery.
KAHN and THOMAS, JJ., concur.