JACOBUS, J.
Robert Bogert, as attorney-in-fact for Dorothy B. Walther, seeks certiorari review of a discovery order in which the trial court compelled his sister, Dorothy B. Walther, to produce documents relating to her personal finances and medical records. We find that the challenged order constitutes a departure from the essential requirements of the law that will cause irreparable harm to Dorothy B. Walther. We therefore grant the writ.
Mrs. Walther is 89 years old and is the beneficiary of a trust created by her husband in 1953. Her son, Patrick B. Walther, has been the trustee for the past 16 years. Robert Bogert is an attorney-in-fact for Mrs. Walther. He is also her 90-year-old brother with whom she currently lives. There has been a great deal of litigation between Mrs. Walther’s siblings and the trustee, and there are currently four cases pending in the Eighteenth Circuit regarding these parties and this trust. This particular suit was brought by two of Mrs. Walther’s other children, Katherine Walther Bain and Howard Walther, as Mrs. Walther’s attorneys-in-fact. The suit was against Mrs. Walther’s sons, Robert Walther, as contingent beneficiary of the trust, and Patrick Walther, as trustee and contingent beneficiary.
The gravamen of the suit was to remove Patrick as the trustee and to surcharge both Patrick and Robert Walther for funneling funds from the trust to themselves. The order that is the subject of the petition for certiorari arose out of a motion filed by Patrick Walther, as trustee, for payment of attorney’s fees from the trust. *609 Mrs. Walther objected to the request, and the matter was set for hearing. Patrick filed a motion to compel discovery and a motion in limine to prohibit the introduction of “non-disclosed” evidence at the hearing on attorney’s fees. The discovery at that point had consisted only of interrogatories directed to Mrs. Walther and a notice of deposition directed to Mrs. Walther’s account manager at Morgan Stanley, which was accompanied by a subpoena duces tecum seeking Mrs. Walther’s account statements for a three-year period beginning in 2006.
Obtaining this discovery over Mrs. Walther’s objection was the purpose of Patrick’s motion to compel. However, the motion to compel far exceeded the scope of his discovery requests and sought “Dorothy Walther’s financial records from 2006 to the present,” as well as “all documents which would provide a reasonable basis to conclude that a breach of trust has occurred.” Patrick had never before made such a discovery request. In fact, there had been no request for production directed to Mrs. Walther. The request for “all documents which would provide a reasonable basis to conclude that a breach of trust has occurred” was actually related only to the issue of whether the trust should pay Patrick’s attorney’s fees and was the basis for the motion in limine.
After the hearing, the court entered a comprehensive order addressing Mrs. Walther’s objection to the payment of the attorney’s fees from the trust, and Patrick’s motion to compel and motion in li-mine. The order, dated August 31, 2010, provided in pertinent part:
8. Petitioner shall produce Dorothy Walther’s personal financial records in her control, custody and possession, dating from the last ten (10) years, by September 20, 2010.
4. With respect to bank and financial institution records not in Dorothy Walther’s control, custody, or possession, Petitioner shall provide co-Trustee Robert McIntosh with a signed Authorization to request such documents. In addition, this Order shall serve as authority to any bank or financial institution to honor a subpoena served by Mr. McIntosh or any party to this Action to obtain those records.
5. Petitioner’s objection to production of Dorothy Walther’s Morgan Stanley Smith Barney account records from before February 2008 is OVERRULED. By September 20, 2010, William Paynter and Morgan Stanley Smith Barney shall produce all financial records from accounts in which Dorothy Walther held an interest dated from the last ten (10) years. Mr. Paynter shall submit to continuation of the deposition on newly produced records upon proper Notice by Respondent(s) under authority of the original subpoena.
6. The Motion in Limine to Prohibit Introduction of Non-Disclosed Evidence at Hearing on Objection to Payment of Fees is DEFERRED.
7. The hearing on the Objection to Payment of Fees is continued and the Court shall defer ruling until such time as the parties have completed discovery on the issue of breach of trust, in accordance with Florida Statutes § 736.0802.
8. Petitioner shall produce all documentary evidence in its custody, control, or possession supporting its claim of a breach of trust by September 20, 2010.
[[Image here]]
11. As previously ordered, Petitioner shall provide Mr. McIntosh with any and all medical records, medical billings, physician and medical provider reports related to Dorothy Walther’s general *610 health and competency in her care, custody or control.
[[Image here]]
13. All financial and medical records produced in this action shall remain Confidential, for litigation purposes only, and shall be disclosed only to the parties, their counsel, witnesses reasonably related to those records, and any retained experts. The records shall be returned to Ms. Walther at the conclusion of the litigation, including any appeals, or destroyed upon agreement of the parties or by further order of this Court.
An appellate court will grant a cer-tiorari petition to quash a discovery order when the order departs from the essential requirements of the law and causes irreparable harm that cannot be remedied on appeal from a final order. Spry v. Prof'l Emp’r Plans, 985 So.2d 1187 (Fla. 1st DCA 2008). The production of financial records that are not relevant can cause irreparable harm to a person forced to disclose them. Id. at 1188; see also Friedman v. Heart Inst. of Port St. Lucie, Inc., 863 So.2d 189 (Fla.2003). This court has previously granted certiorari relief to parties ordered to produce voluminous financial records that were unlikely to lead to the discovery of relevant and admissible evidence, particularly where there were no rulings on the parties’ objections. See, e.g., Life Care Ctrs. of Am. v. Reese, 948 So.2d 830 (Fla. 5th DCA 2007).
Applying these principles, we conclude that certiorari relief is appropriate in this case. The trial court’s order required the production of voluminous financial and medical records, well beyond what was ever requested in discovery. For example, the financial records ordered to be produced were for a far greater time period than requested, and the order failed to define “personal financial records,” which could include virtually anything of a financial nature, even checks written at the grocery store. The order was likewise overbroad with regard to the production of medical records and did not delimit a time period. In addition to being overbroad and unduly burdensome, the order requires the production of documents that were never requested by any party and which were unlikely to be relevant to any of the issues in the suit.
Under these circumstances, we conclude that the discovery order departs from the essential requirements of the law and will cause harm to Mrs. Walther that is irreparable in nature. We therefore grant the petition for writ of certiorari and quash the trial court’s discovery order dated August 31, 2010.
PETITION GRANTED; ORDER QUASHED.
MONACO, C.J. and TORPY, J., concur.