PER CURIAM.
The defendants in ongoing litigation among business partners seek a writ of certiorari to quash a discovery order which compelled the production of financial documents from two of the defendants. The discovery is allegedly relevant to claims in the verified amended complaint that these defendants have misappropriated funds and breached fiduciary duties. *1263 Because petitioners have failed to establish that the trial court’s order departs from the essential requirements of law, we deny the petition.
“[T]he disclosure of personal financial information may cause irreparable harm to a person forced to disclose it, in a case in which the information is not relevant.” Friedman v. Heart Inst. of Port St. Lucie, 863 So.2d 189, 194 (Fla.2003) (quoting Straub v. Matte, 805 So.2d 99, 100 (Fla. 4th DCA 2002)). But, “where materials sought by a party ‘would appear to be relevant to the subject matter of the pending action,’ the information is fully discoverable.” Bd. of Trs. of the Internal Improvement Trust Fund v. Am. Educ. Enters., LLC, 99 So.3d 450, 458 (Fla.2012) (citations omitted). “The concept of relevancy has a much wider application in the discovery context than in the context of admissible evidence at trial.” Id.
“A party’s finances, if relevant to the disputed issues of the underlying action, are not excepted from discovery under this rule of relevancy, and courts will compel production of personal financial documents and information if shown to be relevant by the requesting party.” Friedman, 863 So.2d at 194. A trial court has broad discretion in controlling discovery and in balancing “ ‘the right to privacy and the right to know.’” Id. (citations omitted). The trial court’s discretion in this regard is not limited by specific rules or formulas. All About Cruises, Inc. v. Cruise Options, Inc., 889 So.2d 905, 907 (Fla. 4th DCA 2004) (quoting Friedman, 863 So.2d at 195).
Trial court rulings on discovery issues must stand except in extraordinary cases. See Martin-Johnson, Inc. v. Savage, 509 So.2d 1097, 1099-1100 (Fla.1987). While the potential invasion of privacy may provide a threshold showing of irreparable harm, certiorari may be granted only where the petitioner “affirmatively estab-lishe[s]” that the financial information is irrelevant to any issue in the litigation and not likely to lead to the discovery of admissible evidence. See Bd. of Trs., 99 So.3d at 457 (quoting Allstate Ins. Co. v. Langston, 655 So.2d 91, 95 (Fla.1995)). The heavy burden in a certiorari proceeding is on the petitioner, who must show that the trial court’s order departs from the essential requirements of law. Where the petitioner fails to clearly establish that the financial information is wholly irrelevant to any issue in the litigation, certiorari is inappropriate. See id.
We reject petitioners’ argument that the trial court departed from the essential requirements of law in failing to conduct an evidentiary hearing before compelling discovery of the financial information. Petitioners rely on language in Borck v. Borck, 906 So.2d 1209, 1211 (Fla. 4th DCA 2005), Rowe v. Rodriguez-Schmidt, 89 So.3d 1101, 1103-04 (Fla. 2d DCA 2012), and Spry v. Professional Employer Plans, 985 So.2d 1187, 1188-89 (Fla. 1st DCA 2008). We find these cases distinguishable and decline to adopt a per se rule requiring a trial court always to conduct an evidentia-ry hearing before ordering financial discovery from a party. Such a mandatory rule would be inconsistent with the Florida Supreme Court’s refusal to limit the discretion of trial courts with specific rules or formulas. Friedman, 863 So.2d at 194-95.
Rowe and Borck concerned discovery from non-parties. Our decision in Borck observed that a non-evidentiary hearing had been held and that the trial court ordered the discovery from the non-parties based on representations of counsel “without any evidentiary inquiry.” 906 So.2d at 1211. Borck did not hold that an evidentiary hearing was mandatory in all circumstances. The court in Rowe likewise observed that no evidence had been presented to support the relevance of the financial discovery from the nonparty. *1264 The Rowe court granted certiorari because there was no evidentiary basis to support the discovery from the nonparty’s. 89 So.3d at 1004 (“Here, the trial court departed from the essential requirements of the law because it ordered production of a nonparty’s financial information without considering any evidence regarding its relevance.”).
Spry involved discovery of personal financial information from the claimant in a workers’ compensation case. Again, there was no evidentiary basis for concluding that the discovery was relevant to any issue in those proceedings. Spry, 985 So.2d at 1188 (“[T]he JCC [Judge of Compensation Claims] departed from the essential requirements of law by ordering discovery without considering evidence as to its relevance.”). The Spry court’s comment, that “[t]he relevance of financial information should be determined only after an evidentiary hearing,” id., is dicta. This comment should not be read to create a per se rule requiring trial courts to conduct mini-trials on discovery issues in all cases. Indeed, the First District has not ruled that an evidentiary hearing is always required before a JCC may order financial discovery from a workers’ compensation claimant. See Jackson v. Computer Sci. Raytheon, 36 So.3d 754, 755 (Fla. 1st DCA 2010) (“[I]t is unnecessary to address the second argument as to whether a hearing must always be held prior to ordering the production of financial documents even when relevancy may be readily apparent.”).
The circumstances of this case are not like those in Borck, Rowe, or Spry, and we do not agree that a trial court must always conduct an evidentiary hearing before it may order financial discovery from a party. For example, we have not required an evidentiary hearing where a court has allowed a punitive damage claim and the accompanying broad financial discovery that is permitted from the party in that situation. Strasser v. Yalamanchi, 677 So.2d 22, 23 (Fla. 4th DCA 1996). All that is required is a “reasonable evidentia-ry basis” to allow the punitive damage claim to go forward. Henn v. Sandler, 589 So.2d 1334, 1335 (Fla. 4th DCA 1991).
The financial information requested here is relevant to the issues as framed by the pleadings. The plaintiffs verified amended complaint provided a reasonable eviden-tiary basis for the financial discovery. Petitioners have not shown a departure from the essential requirements of law.
At the time this petition was filed, the trial court had not heard petitioners’ motion to dismiss the verified complaint. Denial of this petition is without prejudice for petitioners to ask the trial court to exercise its discretion and stay the discovery pending a ruling on the motion to dismiss. See Deltona Corp. v. Bailey, 336 So.2d 1163, 1169-70 (Fla.1976); Capco Props., LLC. v. Monterey Gardens of Pinecrest Condo., 982 So.2d 1211, 1214 (Fla. 3d DCA 2008).

Petition for Writ of Certiorari Denied

STEVENSON, CIKLIN and CONNER, JJ., concur.