# Third District Court of Appeal

## State of Florida

Opinion filed March 18, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-2039
Lower Tribunal No. 11-7923
_____


**Bianchi & Cecchi Services, Inc.,**
Petitioner,

vs.

**Navalimpianti USA, Inc.,**
Respondent.


On Petition for Writ of Certiorari to the Circuit Court for Miami-Dade County, John W. Thornton, Jr., Judge.

Richard S. Gendler & Associates, P.A., and Martin G. McCarthy, for petitioner.

Gunster, and Angel A. Cortiñas, Joseph L. Raia, and Michael B. Green, for respondent.

Before SUAREZ, LAGOA and SCALES, JJ.

SCALES, J.

Bianchi & Cecchi Services, Inc. ("BCS") petitioned this Court for a writ of certiorari to quash the trial court's denial of its motion for a protective order, or to remand to the trial court to conduct an evidentiary hearing and an in-camera inspection. After oral argument, we issued a denial of the petition without a written opinion. Pursuant to Florida Rule of Appellate Procedure 9.330(a), BCS filed a request for a written opinion proffering that: (1) our decision directly conflicts with the decisions of our sister courts; (2) this issue will arise in future cases; and (3) a written opinion would provide the basis for review by the Florida Supreme Court. We grant BCS's request for a written opinion.

## I.     Factual Background

In the underlying case, the plaintiff/respondent Navalimpianti USA, Inc. ("Navalimpianti") brought suit against several of its former officers, directors, or employees. Navalimpianti's complaint alleged that from 2007 through June 4, 2010, the defendants conspired to breach fiduciary duties, misappropriate trades secrets, and convert property in order to shift business from Navalimpianti to the defendants' new company, BCS, the instant petitioner. In July 2014, the defendants' pleadings were stricken and default was subsequently entered against each of the defendants.

Liability having been established, the only issue remaining for the trial court's determination was that of Navalimpianti's unliquidated damages. In order

2

to help quantify its damages for alleged lost sales and misappropriation of trade secrets, Navalimpianti served a subpoena *duces tecum* on BCS for the production of certain historical financial records of BCS for the years 2008-2012. The requested information included: federal tax returns; income statements and balance sheets; QuickBooks data; invoices showing sales to specific clients; and total sales for those clients to BCS.

While BCS is a non-party to the underlying dispute, one of the defendants owns a 10% interest in BCS and Navalimpianti alleges that BCS has benefitted from that defendant's, as well as the other defendants', wrongdoing.

Navalimpianti and BCS entered into a confidentiality agreement and BCS agreed to produce information responsive to the subpoena subject to that agreement.

BCS produced some of the requested records (financial information from 2008 to June 2010), however, it objected to producing the more recent records (financial information from June 2010 through 2012). BCS claims that the subject records are irrelevant and privileged, and that production of such records will give Navalimpianti, who is a competitor of BCS, an unfair competitive advantage.

Seeking production of the outstanding documents, Navalimpianti filed a motion to enforce the subpoena. BCS moved for protective orders and to quash the subpoena.

After a non-evidentiary hearing, the trial court ultimately entered an order requiring BCS to produce the requested documents. The trial court's order stated that documents produced pursuant to the subpoena could only be reviewed by "Plaintiff's counsel and expert . . . and shall not be disclosed to Plaintiff."

BCS sought certiorari relief from this Court arguing that the trial court departed from the essential requirements of law by entering its order without conducting an evidentiary hearing and an in-camera review of the subject financial records.

This Court initially denied BCS's petition without written opinion. Pursuant to Florida Rule of Appellate Procedure 9.330(a), BCS has requested us to issue a written opinion.

## II.     Analysis

Essentially, BCS argues that when a non-party objects to a civil subpoena requesting financial documents, the trial court commits per se reversible error by enforcing the subpoena unless the trial court conducts either an evidentiary hearing or an in-camera review of the objected-to documents. We disagree.

When a non-party objects to the production of allegedly confidential records, the trial court is required to weigh the requesting party's need for those records against the privacy interests of the objecting non-party. Rousso v. Hannon, 146 So. 3d  66, 71 (Fla. 3d DCA 2014) ("Moreover, confidential discovery sought from

4

**third parties** is not subject to a mere relevance inquiry . . . rather, the respondents must establish a need for the information that outweighs the privacy interests of the third party."); Westco, Inc. v. Scott Lewis' Gardening & Trimming, Inc., 26 So. 3d 620, 622 (Fla. 4th DCA 2009) ("When confidential information is sought from a non-party, the trial court must determine whether the requesting party establishes a need for the information that outweighs the privacy rights of the non-party.").

While conducting an evidentiary hearing or an in-camera review of the subject records is generally the appropriate mechanism for assisting the trial court in balancing these competing interests, see, e.g., Rousso, 146 So. 3d at 71 n.4, we decline BCS's invitation to tie the hands of trial court judges by creating a hard and fast rule *requiring* the trial court to conduct an evidentiary hearing or an in-camera review.

Plainly, trial judges are in a better position than appellate court judges to determine what mechanism should be employed in a given case when deciding whether the requesting party has established that the need for the information outweighs the privacy rights of the non-party. See Elsner v. E-Commerce Coffee Club, 126 So. 3d 1261, 1263 (Fla. 4th DCA 2013) ("We . . . decline to adopt a *per se* rule requiring a trial court always to conduct an evidentiary hearing before ordering financial discovery from a party. Such a mandatory rule would be inconsistent with the Florida Supreme Court's refusal to limit the discretion of trial

5

courts with specific rules or formulas.")[1]; see also 2245 Venetian Court Bldg. 4, Inc. v. Harrison, 149 So. 3d 1176 (Fla. 2d DCA 2014) (finding no reversible error where the trial court failed to conduct an evidentiary hearing prior to ordering the disclosure of financial records because the relevancy of the requested documents was readily apparent and the personal right to privacy was not at issue).[2]

Put another way, a trial court does not necessarily depart from the essential requirements of law by not conducting either an evidentiary hearing or an in-camera review when faced with a non-party's objection to the production of financial documents.

_____

[1] The fact that Elsner involved a request for financial discovery from a *party* does not make the rationale of its holding any less applicable to the facts of this case, which involve a request for financial discovery from a non-party.

[2] As in Harrison, the relevancy of the requested documents is readily apparent from the pleadings in this case; Navalimpianti's complaint clearly implicates the financial records of BCS. Also, as in Harrison, the personal right to privacy is not at issue here because the disputed discovery requests were directed at BCS, a business entity, not a natural person. Harrison, 149 So. 3d at 1181 ("However, those cases involved the *personal* right to privacy which, as we have already explained, is not what is at issue here."); Borck v. Borck, 906 So. 2d 1209, 1211 (Fla. 4th DCA 2005) ("Article I, section 23, of the Florida Constitution protects the financial information of *persons* if there is no relevant or compelling reason to compel disclosure.") (emphasis added). BCS also argues that it will be irreparably harmed if it is ordered to produce the requested information to Navalimpianti, its direct competitor. BCS asserts that production of such information will disclose all of BCS's pricing models and margins. That proverbial cat, however, is already out of the bag. By agreement, BCS already produced similar information for 2008 to June 2010 that revealed the very pricing models and margins the production of which BCS now claims will cause it to suffer irreparable harm.

6

In some, albeit not most, cases, the trial court—without conducting an evidentiary hearing or an in-camera inspection of the subject records—is able to perform the required balancing test by reviewing the pleadings and the record evidence to date, and by being informed by counsel's argument. See, e.g., Harrison, 149 So. 3d at 1181; Elsner, 126 So. 3d at 1263-64.

In this case, despite not conducting an evidentiary hearing or an in-camera inspection of the subject financial documents, the record is clear that the trial court performed the required balancing test; indeed, the trial court's order was expressly crafted to balance the competing interests of Navalimpianti's right to know and BCS's right to privacy.

## III. Conclusion

When conducting certiorari review of interlocutory discovery orders, this Court's inquiry is limited to determining whether the petitioner demonstrated that the contested order constitutes "(1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case[,] (3) that cannot be corrected on postjudgment appeal." Bd. of Trs. of Internal Improvement Trust Fund v. Am. Educ. Enters., 99 So. 3d 450, 454 (Fla. 2012) (quoting Reeves v. Fleetwood Homes of Fla., Inc., 889 So. 2d 812, 822 (Fla. 2004).

BCS did not make these required demonstrations. Consequently, its petition for writ of certiorari is denied.

7

Petition denied.