# Third District Court of Appeal

## State of Florida

Opinion filed May 27, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-3081
Lower Tribunal No. 12-306
_____

**Carlos Kauffman,**
Petitioner,

vs.

**Franklin Duran,**
Respondent.

On Petition for Writ of Certiorari to the Circuit Court for Miami-Dade County, Peter R. Lopez, Judge.

Blaxberg, Grayson & Kukoff and Moises T. Grayson and Alexis S. Read, for petitioner.

Jones Walker and Edward R. Shohat; De La Peña Group and Leoncio E. de la Peña D. and Otto C. de Cordoba and Tracy Perez , for respondent.

Before SUAREZ, EMAS, and LOGUE, JJ.

SUAREZ, J.

Carlos Kauffman, once again, has filed a petition for a writ of certiorari to review the trial court's order denying his motion for a protective order to prevent his deposition. Once again, we deny the petition.

Franklin Duran seeks to complete the deposition of Kauffman as a non-party witness in Duran's suit against Mario A. Lamar and Mario A. Lamar, P.A., his (and Kauffmann's) former business attorney. Duran's malpractice suit against Mr. Lamar and Mario A. Lamar, P.A., alleges breach of fiduciary duty and fraud. The allegations are that Mr. Lamar represented both Mr. Duran and Mr. Kauffmann in joint business dealings involving many millions of dollars. It is alleged that not only did he mismanage the assets but that when the two business partners decided to divide their joint assets, Mr. Lamar breached his duty and/or committed fraud in the way he handled the transactions, resulting in large monetary losses to Mr. Duran and disproportionate gains to Mr. Kauffmann.

This matter has previously been before this court. Mr. Kauffmann's deposition was discontinued after four hours for reasons that are not relevant to our decision here. Mr. Kauffmann filed a motion for a protective order to stop the continuation of his deposition. The trial court denied the motion and Kauffmann filed his first petition for writ of certiorari, which this court denied on April 29, 2013, Case Number 13-1045. Before the deposition could continue, Mr. Kauffmann filed a second motion for protective order raising some of the same issues as well as new issues. The trial court again denied the motion, which brings us to the present petition for writ of certiorari. Kauffmann asserts that the trial court departed from the essential requirements of law by denying his motion for a protective order. Kauffmann argues that proceeding with the deposition will cause

him and his family irreparable harm here and abroad by requiring him to disclose personal finances, assets, and holdings related to the multiple investments he and Duran shared as former business partners, which investments were managed by attorney Lamar.

In order for this Court to grant the petition and quash the order below, Kauffmann must first demonstrate that the order constitutes (1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case, and (3) that injury cannot be corrected on post-judgment appeal. See Bd. of Trs. of Internal Improvement Trust Fund v. Am. Educ. Enters., LLC, 99 So. 3d 450, 454-55 (Fla. 2012). Kauffmann has failed to demonstrate that the taking of his deposition will result in irreparable harm.

As the pleadings demonstrate, Kauffmann is a material witness in the underlying action. As a material witness, the fact that certain financial information may be disclosed is not alone reason enough to preclude the deposition. See Elsner v. E-Commerce Coffee Club, 126 So. 3d 1261, 1264 (Fla. 4th DCA 2013) (finding no departure from the essential requirements of law where the financial information requested was relevant to the issues as framed by the pleadings and the complaint provided a reasonable evidentiary basis for the financial discovery);[1]

---

[1] See also Bianchi & Cecchi Servs., Inc. v. Navalimpianti USA, Inc., 159 So. 3d 980, 983 fn.1 (Fla. 3d DCA 2015) ("The fact that Elsner involved a request for financial discovery from a party does not make the rationale of its holding any less applicable to the facts of this case, which involve a request for financial discovery from a non-party.").

Jerry's S., Inc. v. Morran, 582 So. 2d 803, 805 (Fla. 1st DCA 1991) (holding that where the financial records of the non-party were not related to any pending claim or defense, nor was the information shown to be reasonably calculated to lead to the discovery of admissible evidence, motion for protective order should have been granted). Based on the allegations of the Complaint against attorney Lamar, it is difficult to see how Mr. Kauffmann's financials could not be extremely relevant. We qualify this comment and would like to stress that the only relevant Kauffmann financials would be those which are the subject of the underlying suit. This deposition cannot be a fishing expedition. The trial court understood this danger and has protected Mr. Kauffmann by issuing an order limiting the subject matter of the pending deposition to those specific issues framed by the Amended Complaint. The court has appointed a special magistrate to attend the deposition to ensure that nothing other than the issues of the underlying case are addressed, including financial matters.

The petitioner raises other issues in his petition for certiorari that are not issues he, as a non-party to the litigation below, can legally raise. Therefore, we find no need to address those issues.

The petition for certiorari is denied and the order granting temporary stay of deposition lifted.