DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TINA ROSEN,**
Petitioner,

v.

**JASON MCCOBB,**
Respondent.

No. 4D15-3355

[May 18, 2016]

Petition for writ of certiorari to the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Donald W. Hafele, Judge; L.T. Case No. 502014CA007117XXXXMB.

Kara Berard Rockenbach of Methe & Rockenbach, P.A., West Palm Beach, for petitioner.

John A. Willis of Willis Law, P.A., Boca Raton and Steven M. Goldsmith of Steven M. Goldsmith, P.A., Boca Raton, for respondent.

PER CURIAM.

The defendant petitions this Court for a writ of certiorari, challenging an order that overruled her objections to net worth interrogatories and requests to produce.[1] We grant the petition in part and deny in part.

Following an altercation, the plaintiff filed a personal injury action alleging claims for assault and both intentional and negligent infliction of severe emotional distress. The defendant counterclaimed for unjust enrichment and civil battery. The trial court granted a motion for leave to add a punitive damages claim.

The plaintiff then served the defendant with a request to produce documents concerning her net worth. The defendant responded and objected to paragraphs 4, 6, 8-10, 12-14, 16, 19-21, 23-31, and 33-34, arguing the plaintiff sought financial information of third parties in

_____

[1] The petition is limited to the request for production and raises no issue regarding the interrogatories.

violation of their privacy rights. The plaintiff also propounded net worth interrogatories. The defendant lodged similar objections because the requested information included assets held both by her individually and jointly with her husband.

The trial court heard the objections and entered an order overruling them and directing the defendant to answer all outstanding net worth discovery in thirty days. From this order, the defendant seeks certiorari review. The trial court stayed the proceedings pending the disposition of the petition.

We issued an order to show cause regarding the following requests for production:

> 4. Copies of any and all bank statements received by the [d]efendant from January, 2012 through the present.

> 6. All passbooks or certificates of deposit or copies thereof for any savings account or certificates of deposit which you have maintained in any bank or savings institution during the last 3 years to date hereof.

> 7. All bank statements for every checking account on which you have been authorized to write checks during the last 3 years to date hereof.

> 9. A copy of the trust instrument for any trust for which you are a trustee or beneficiary or were a trustee or beneficiary in the last 3 years to date hereof.

> 12. All insurance policies on your life which are presently in force, whether owned by you or any corporation in which you are an officer, director or stockholder or employee.

> 16. All correspondence, promissory notes, contracts or other writings, or copies hereof which show or document any monies which you presently owe to any other person or monies you owe to any other person regardless of whether said monies are still due and owing, during the past 3 years to date hereof.

> 26. Copies of all applications for credit or loans from any bank, credit union, lending institution, issuer of credit cards

2

and any financial statements prepared by or on your behalf within the past 3 years to date hereof.

28. Copies of any corporate tax returns for all corporations in which you were or are a stockholder during any part of the years 2012 through 2014 inclusive.

29. Copies of any partnership tax returns filed by you or on your behalf in the last 3 years to date hereof.

Having received a response, we now grant the petition in part.

To succeed in obtaining a writ of certiorari, the petitioner must demonstrate a departure from the essential requirements of law resulting in material harm of an irreparable nature. *Allstate Ins. Co. v. Total Rehab & Med. Ctrs., Inc.*, 123 So. 3d 1162, 1163 (Fla. 4th DCA 2013). Where "a discovery order potentially requires the disclosure of personal information subject to privacy restrictions on dissemination, including names and addresses of non-parties to a lawsuit," irreparable harm exists. *Sovereign Healthcare of Port St. Lucie, LLC v. Fernandes*, 132 So. 3d 855, 857 (Fla. 4th DCA 2013).

The privacy right of non-parties arises from Article 1, section 23 of the Florida Constitution. Florida also recognizes a party's right to discover financial information when related to issues in the case. *Bd. of Trs. of the Internal Improvement Tr. Fund v. Am. Educ. Enters., LLC*, 99 So. 3d 450, 457–58 (Fla. 2012). We recognize the trial court's "broad discretion in controlling discovery and in balancing 'the right to privacy and the right to know.'" *Elsner v. E-Commerce Coffee Club*, 126 So. 3d 1261, 1263 (Fla. 4th DCA 2013) (quoting *Friedman v. Heart Inst. of Port St. Lucie, Inc.*, 863 So. 2d 189, 194 (Fla. 2003)).

The defendant argues that the trial court's order compelling financial discovery, including information related to her non-party husband, constitutes an abuse of discretion. She is willing to produce documentation and information on her interests in individually owned and jointly-owned assets. But, she argues the plaintiff failed to demonstrate a relevant or compelling reason to order discovery of her husband's private financial net worth information. She further argues the court should have conducted an *in camera* inspection to determine whether the documents are relevant to her financial interests and the punitive damages claim.

The defendant agrees that requests 28 and 29 are overbroad and "might result in the production of documents that do not necessarily relate to the

defendant's net worth." He suggests that the requests were aimed at the returns of closely-held corporations and partnerships which the plaintiff either owned individually or jointly with her husband. We therefore grant the petition as to requests 28 and 29.

We further grant the petition as to request 4 because it broadly requests "[c]opies of any and all bank statements **received** by the [d]efendant from January, 2012 through the present." (Emphasis added). The issue here is the plaintiff's assets, not what bank statements she received in the mail or otherwise. We therefore grant the petition as to request 4.

We have previously rejected a per se rule that an *in camera* inspection is required before ruling on a discovery objection. *Elsner*, 126 So. 3d at 1264. *Elsner* construed the law to require an evidentiary hearing only where there was no evidence to support the relevance of the discovery sought. *Id.* at 1263. Such an inspection would not be required here because relevance has already been established.

In conclusion, we deny the petition for certiorari with respect to production of documents paragraphs 1-3, 5-27, and 30-34. We grant the petition with respect to paragraphs 4, 28, and 29.

*Petition granted in part; denied in part.*

TAYLOR, MAY and FORST, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

4