# Third District Court of Appeal

## State of Florida

Opinion filed February 9, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-2414
Lower Tribunal No. 18-7261
_____

**Allied Property Group, Inc.,**
Petitioner,

vs.

**Micor LLC, et al.,**
Respondents.

On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Reemberto Diaz, Judge.

Israel, Israel & Associates, P.A., and David B. Israel and Eric J. Israel (Davie), for petitioner.

Corona Law Firm, P.A., and Ricardo M. Corona, and Yung Truong, for respondent Micor LLC.

Before SCALES, LOBREE and BOKOR, JJ.

BOKOR, J.

Petitioner, Allied Property Group, Inc., seeks certiorari relief from an order overruling certain objections to third-party subpoenas for telephone records of Allied Property Group and Roger Reyes, Allied's property manager.[1]  Allied contends the phone records requested constitute impermissibly overbroad and irrelevant discovery.  Allied also argues that the discovery sought violates the privacy rights of third parties.

The limited scope of certiorari review of a discovery order would compel us to deny relief based on a claim of overbreadth or irrelevance.  See Bd. of Trs. of Internal Improvement Tr. Fund v. Am. Educ. Enters., LLC, 99 So. 3d 450, 456 (Fla. 2012) ("This Court and other district courts of appeal have restated with frequency that overbreadth is *not sufficient*, nor is it a basis, for certiorari relief."); Nucci v. Target Corp., 162 So. 3d 146, 151 (Fla. 4th DCA 2015) (citation omitted) ("Overbreadth of discovery alone is not a basis for certiorari jurisdiction.  Similarly, mere irrelevance is not enough to justify certiorari relief.").

Allied also claims that the production of phone records violates the right of privacy established in the Florida Constitution.  See Art. I, § 23, Fla. Const.

---

[1] The trial court sustained the objection to the fourth category of information sought, the production of transcripts of any text messages, while overruling the objections pertaining to the first three categories of documents sought, user information, call logs, and a log of text messages sent or received.

2

However, the cases cited by Allied do not support certiorari relief based on privacy or confidentiality where, as here, the phone logs and call information sought would include only phone numbers and basic call information and would not include information connecting the phone number dialed to that phone number's owner. To show a violation of clearly established law, Allied cites to cases in the context of confidentiality and privacy of medical records. These aren't medical records. Further, in those cases, the medical records identified the patients involved. Allied presents no case extending the constitutional right to privacy to a phone log sought here from of a party (or a party's employee or agent) involved in active litigation.

The record indicates that Micor, LLC, sought phone logs, with phone numbers dialed. Micor did not seek names or other information connecting the phone numbers to uninvolved, private third parties, nor is there any indication that the phone logs would contain such information. Allied presents no case in which the production of phone logs listing phone numbers, time, and length of call, without any personally identifiable information, constitutes an impermissible production of confidential, private, or protected personal information. See Rosen v. McCobb, 192 So. 3d 576, 578 (Fla. 4th DCA 2016) ("Where 'a discovery order potentially requires the disclosure of personal information subject to privacy restrictions on

3

dissemination, including names and addresses of non-parties to a lawsuit,' irreparable harm exists."). A phone number, without more, reveals no personal information subject to privacy restrictions.

Additionally, Allied suggests the records constitute confidential business records or trade secrets identifying "contact information and communication records of business vendors, clients (past present, and potential)." Allied speculates, without providing record support, that Micor may "begin cold calling/contacting and harassing." Allied failed to raise such argument before the trial court. A party cannot raise an issue before this court in the first instance. Sunset Harbour Condo. Ass'n v. Robbins, 914 So. 2d 925, 928 (Fla. 2005) ("As a general rule, it is not appropriate for a party to raise an issue for the first time on appeal.") (citations omitted).

Petition denied.