# Third District Court of Appeal

## State of Florida

Opinion filed June 14, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-2026
Lower Tribunal No. 19-30995
_____

**Masoud Shojaee,**
Petitioner,

vs.

**Anibal J. Duarte-Viera, P.A., etc.,**
Respondent.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, Carlos Lopez, Judge.

White & Case, LLP, and Raoul G. Cantero and Torri D. Macarages; Mark Migdal & Hayden, and Darci Cohen and Jose M. Ferrer, for petitioner.

Heise Suarez Melville, P.A., and Patricia Melville, Luis E. Suarez, and Thomas S. Ward, for respondent.

Before EMAS, LOGUE, and HENDON, JJ.

LOGUE, J.

Masoud Shojaee, a defendant in the underlying lawsuit, petitions this Court for a writ of certiorari quashing the trial court's discovery order. The order denied Shojaee's objections to plaintiff Anibal J. Duarte-Viera, P.A.'s subpoenas. The subpoenas seek financial information from third parties, including Shojaee's ex-wife. Shojaee argues that the production of this information inherently causes irreparable harm and the information sought has no relevance to the dispute between the parties. Because the relevance of such records is not apparent from the pleadings and no evidentiary foundation was laid that would establish their relevance, we issue the writ and quash the order at issue.

## Factual and Procedural History

Shojaee is the trustee for a 25 percent owner of Santa Fe Haciendas, LLC, and Duarte-Viera is the trustee for a 75 percent owner. Shojaee is the manager of Santa Fe and is alleged to have improperly withdrawn millions of dollars from Santa Fe's accounts. As a result of Shojaee's withdrawals, Duarte-Viera, as the trustee of Santa Fe's majority member, sued Shojaee and the Northern Trust Company, the majority member's prior trustee.

In its complaint, Duarte-Viera alleged the following causes of action: (1) Breach of Fiduciary Duty of Care against Shojaee as Manager; (2) Breach of Duty of Loyalty against Shojaee as Manager; (3) Gross Negligence

against Northern Trust; (4) Breach of Contract against Shojaee as Manager; and (5) Breach of Fiduciary Duty against Shojaee as Member.

Shojaee's daughters, the beneficiaries of the majority member, also sued Shojaee and Northern Trust. They alleged causes of action for: (1) Breach of Fiduciary Duty against Shojaee Individually; and (2) Breach of Fiduciary Duty against Northern Trust.

In litigating these claims, Duarte-Viera served notice of its intent to subpoena three non-parties: Aneli Artwork, LLC, Shoma Alliance Management Corporation, and Maria Lamas. Shojaee allegedly controls both the artwork and management companies. Ms. Lamas is Shojaee's ex-wife. The subpoenas request essentially all financial documents from the companies for a four-year period and financial information concerning Shojaee's divorce.

The subpoena to Aneli Artwork, LLC requested:

1. Any and all bank statements related to Aneli Artwork, LLC from 2017-2021, including copies of canceled checks.

2. Any and all brokerage account statements related to Aneli Artwork, LLC from 2017-2021.

3. Any and all financial statements, including balance sheets, income statements and general ledgers from 2017-2021.

The subpoena to Shoma Alliance Management Corporation requested:

1. Any and all bank statements related to Shoma Alliance Management Corp. from 2017-2021, including copies of canceled checks, involving transactions concerning, relating to and/or pertaining to the affairs of The M&M Life Insurance Trust and/or Santa Fe Haciendas, LLC.

2. Any and all brokerage account statements related to Shoma Alliance Management Corp. from 2017-2021.

3. Any and all financial statements, including balance sheets, income statements and general ledgers from 2017-2021.

4. Any and all agreements, loans, notes, licenses and communications in any form relating, concerning and/or involving the affairs and business of The M&M Life Insurance Trust and/or Santa Fe Haciendas, LLC.

The subpoena to Ms. Lamas requested:

1. Marital Settlement Agreement executed between Maria Lamas ("You") and Masoud Shojaee ("Masoud") and/or interested party, Shoma Coral Gables, LLC, relating to the case no.: 2015-010703-FC-04 ("Divorce Proceedings").

2. All financial affidavits executed by Masoud and furnished to You or your lawyers in connection with the Divorce Proceedings, including all personal and corporate financial records produced by and/or on behalf of Masoud and/or by Shoma Coral Gables, LLC and/or any other business entity associated with Masoud.

3. All deposition transcripts given by Masoud in the Divorce Proceedings.

4

Shojaee objected to these subpoenas. After a non-evidentiary hearing on the objections, the trial court overruled them.[1] This petition for writ of certiorari timely followed.

## Analysis

As a preliminary matter, Duarte-Viera argues that Shojaee lacks standing to object to the production of third-party documents. However, Duarte-Viera did not make this argument to the trial court and thus it did not preserve this argument for our review. Joli v. Hannon, 336 So. 3d 343, 344 (Fla. 3d DCA 2021) ("Because appellant failed to raise any objection to the City Clerk's standing, she is precluded from raising this claim for the first time on appeal.").

This Court grants a petition for certiorari relief where a non-final order (1) causes irreparable harm; and (2) departs from the essential requirements of law. Lewis v. Dollar Rent A Car, 220 So. 3d 1246, 1248 (Fla. 1st DCA 2017). We review each element in turn.

---

[1] The hearing was not noticed as evidentiary. Nevertheless, as part of its presentation during the hearing, Duarte-Viera incorporated materials presented at a hearing in a related lawsuit before the same trial judge. In the related case, Duarte-Viera read from Shojaee's deposition transcript and presented copies of Santa Fe checks made out to Aneli Artwork, LLC and Shoma Alliance Management Corporation.

A.    Irreparable Harm

Shojaee argues that the production of financial information, by its very nature and without a showing of relevancy to the underlying lawsuit, causes irreparable harm. Because financial information is protected under the Florida Constitution and there is a long line of cases holding same, we agree. See Borck v. Borck, 906 So. 2d 1209, 1211 (Fla. 4th DCA 2005) ("Article I, section 23, of the Florida Constitution protects the financial information of persons if there is no relevant or compelling reason to compel disclosure."). See also Spry v. Prof'l Employer Plans, 985 So. 2d 1187, 1188 (Fla. 1st DCA 2008) ("disclosure of the requested information will cause irreparable harm, simply because it is financial information"); Rousso v. Hannon, 146 So. 3d 66, 69–70 (Fla. 3d DCA 2014) ("[T]hird party financial records . . . are of the utmost sensitivity and are not discoverable unless the party seeking discovery establishes a need for the discovery sufficient to overcome the privacy rights of the third party.").

Moreover, due to the inherently personal nature of divorce-related documents, this information also invokes the protection of Article I, section 23, of the Florida Constitution. See Rasmussen v. S. Fla. Blood Serv., Inc., 500 So. 2d 533, 536 (Fla. 1987) ("Although the general concept of privacy

6

encompasses an enormously broad and diverse field of personal action and belief, there can be no doubt that [Article I, section 23, of the Florida Constitution] was intended to protect the right to determine whether or not sensitive information about oneself will be disclosed to others."). Therefore, absent a showing of relevancy of this sensitive information, its disclosure causes irreparable harm.

B.    Essential Requirements of Law

Privacy interests may be overcome, and sensitive information produced, however, if the information is relevant to the lawsuit.[2] See Borck, 906 So. 2d at 1211; Fla. R. Civ. P. 1.280. Relevancy is established by the pleadings or evidence. Inglis v. Casselberry, 200 So. 3d 206, 210-11 (Fla. 2d DCA 2016); Elsner v. E-Commerce Coffee Club, 126 So. 3d 1261, 1263-64 (Fla. 4th DCA 2013); Spry, 985 So. 2d 1187. If the pleadings form a sufficient relevancy basis, the trial court does not need to hold an evidentiary hearing. Elsner, 126 So. 3d at 1264. However, the pleadings do not show

---

[2] The parties dispute whether this Court should apply the relevancy test, applicable to party information, or the necessity test, applicable to third-party information. Because the requested materials do not pass the less stringent relevancy test, we do not address this issue.

the relevancy of the documents requested to the dispute and no evidentiary hearing was conducted here.

Duarte-Viera did not make any allegations in its complaint regarding Aneli Artwork, LLC, Shoma Alliance Management Corporation, or Ms. Lamas.[3] In an apparent attempt to show relevancy outside of the pleadings, Duarte-Viera read from Shojaee's deposition transcript and presented copies of Santa Fe checks made out to Shoma Alliance Management Corporation and Aneli Artwork, LLC. However, the trial court could not rely on these materials in its relevancy determination because Duarte-Viera never formally submitted them as evidence. Sperdute v. Household Realty Corp., 585 So. 2d 1168, 1169 (Fla. 4th DCA 1991) ("Neither the submission of affidavits nor argument of counsel is sufficient to constitute an evidentiary hearing."); Eight Hundred, Inc. v. Fla. Dep't of Revenue, 837 So. 2d 574, 576 (Fla. 1st DCA 2003) ("Representations by an attorney for one of the parties regarding the facts, and documents attached as exhibits to a motion, do not constitute

_____

[3] The only allegation that may concern one of Shojaee's companies, is the allegation that "Shojaee used and commingled the personnel of his affiliated entity, Shoma Homes, to periodically prepare financial statements and K-1s for Santa Fe's two members (the Trust and Shojaee)." This allegation, without more, does not establish the relevance necessary to obtain privileged financial records of Shoma Alliance Management Corporation, much less those of Aneli Artwork, LLC or Ms. Lamas.

evidence."). We thus disregard all materials outside the complaint presented at the hearing. Therefore, in the record before us, there has been no showing of the relevance to this dispute of the extremely broad category of third-party records requested. We are not holding that such a showing cannot be established, but simply that it has not been established in this record.

Accordingly, we grant the petition for writ of certiorari and quash the trial court's order.