# Third District Court of Appeal

## State of Florida

Opinion filed June 14, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-2000
Lower Tribunal No. 20-5806
_____


**Masoud Shojaee,**
Petitioner,

vs.

**Anibal J. Duarte-Viera, P.A., etc.,**
Respondent.


A Writ of Certiorari to the Circuit Court for Miami-Dade County, Carlos Lopez, Judge.

White & Case, LLP, and Raoul G. Cantero and Torri D. Macarages; Mark Migdal & Hayden, and Darci Cohen and Jose M. Ferrer, for petitioner.

Heise Suarez Melville, P.A., and Thomas S. Ward, Luis E. Suarez, and Patricia Melville, for respondent.


Before EMAS, LOGUE, and HENDON, JJ.

LOGUE, J.

Masoud Shojaee, a defendant in the underlying lawsuit, petitions this Court for a writ of certiorari to quash the trial court's denial of his motion for a protective order. In his motion for a protective order, Shojaee sought to prohibit City National Bank of Florida from responding to plaintiff Anibal J. Duarte-Viera, P.A.'s request for Shojaee's personal financial information, ranging from his net worth down to each credit card transaction he had made for a ten-year period. Shojaee argues that production of these records would cause irreparable harm, that the requested records are irrelevant to the underlying lawsuit, and that the trial court departed from the essential requirements of law in ordering their production. Because neither the pleadings nor any evidentiary foundation in this record establishes the relevancy of such a broad range of personal financial records, we grant the petition and quash the order.

## Factual and Procedural History

Shojaee is the trustee for a 25 percent owner of Santa Fe Haciendas, LLC, and Duarte-Viera is the trustee for a 75 percent owner. Shojaee is the manager of Santa Fe. Duarte-Viera sued Shojaee for allegedly improperly withdrawing millions of dollars from Santa Fe's accounts. In its complaint, Duarte-Viera alleged the following causes of action: (1) Breach of Contract against Shojaee as Manager; (2) Breach of Fiduciary Duty of Care against

Shojaee as Manager; (3) Fraud against Shojaee Individually; (4) Breach of Loan against Shojaee Individually; and (5) Breach of Implied Covenant of Good Faith and Fair Dealing against Shojaee as Manager.

In litigating these claims, Duarte-Viera served Shojaee notice of its intent to take a deposition duces tecum of the City National Bank of Florida records custodian and requested the custodian provide the following records:

1. All statements, deposits, checks (front and back), withdrawals, and wire transfers from 2012 through 2022 for all accounts bearing the signatory authority of Masoud Shojaee and/or in the name of Masoud Shojaee.

2. All documents concerning or relating to any checking, savings, brokerage, and/or other financial accounts, including but not limited to account statements, canceled checks, items deposited, signature cards, new account forms, correspondence, and wire transfer documents, from 2012 through 2022 for all accounts bearing the signatory authority of Masoud Shojaee and/or in the name of Masoud Shojaee.

3. All documents pertaining to open or closed bank credit cards in the name of or under the signature authority of Masoud Shojaee for the years 2012 through 2022, including but not limited to:

   a. Applications for credit;
   b. Monthly statements;
   c. Financial statements;
   d. Documents reflecting payments on the account; and

3

e. Correspondence files.

4. All financial statements and/or financial information submitted by Masoud Shojaee concerning or reflecting the financial condition, net worth, and/or assets and liabilities of Masoud Shojaee for the years 2012 through 2022, including but not limited to personal financial statements for any month or period falling within or on any of the aforementioned years.

In response, Shojaee filed the motion for protective order at issue. After a non-evidentiary hearing on the motion, the trial court denied the motion.[1] This petition for writ of certiorari timely followed.

## Analysis

This Court grants a petition for certiorari relief where a non-final order (1) causes irreparable harm; and (2) departs from the essential requirements of law. Lewis v. Dollar Rent A Car, 220 So. 3d 1246, 1248 (Fla. 1st DCA 2017). We review each element in turn.

---

[1] The hearing was not noticed as an evidentiary hearing. Nevertheless, Duarte-Viera read from Shojaee's deposition transcript and presented copies of Santa Fe checks made out to Shojaee at the hearing. However, the trial court could not rely on these materials in its relevancy determination because Duarte-Viera did not formally submit the materials as evidence. Sperdute v. Household Realty Corp., 585 So. 2d 1168, 1169 (Fla. 4th DCA 1991) ("Neither the submission of affidavits nor argument of counsel is sufficient to constitute an evidentiary hearing."); Eight Hundred, Inc. v. Fla. Dep't of Revenue, 837 So. 2d 574, 576 (Fla. 1st DCA 2003) ("Representations by an attorney for one of the parties regarding the facts, and documents attached as exhibits to a motion, do not constitute evidence."). We thus disregard all materials outside the complaint presented at the hearing.

A. <u>Irreparable Harm</u>

Shojaee argues that the production of such a broad range of personal, financial information, by its very nature, causes irreparable harm. We agree. See <u>Borck v. Borck</u>, 906 So. 2d 1209, 1211 (Fla. 4th DCA 2005) ("Article I, section 23, of the Florida Constitution protects the financial information of persons if there is no relevant or compelling reason to compel disclosure."). See also <u>Spry v. Prof'l Employer Plans</u>, 985 So. 2d 1187, 1188 (Fla. 1st DCA 2008) ("disclosure of the requested information will cause irreparable harm, simply because it is financial information").

B. <u>Essential Requirements of Law</u>

Financial information may be produced, however, if it is relevant to the lawsuit. <u>See</u> <u>Borck</u>, 906 So. 2d at 1211; Fla. R. Civ. P. 1.280. Relevancy is established by the pleadings or evidence. <u>Inglis v. Casselberry</u>, 200 So. 3d 206, 210-11 (Fla. 2d DCA 2016); <u>Elsner v. E-Commerce Coffee Club</u>, 126 So. 3d 1261, 1263-64 (Fla. 4th DCA 2013); <u>Spry</u>, 985 So. 2d 1187. If the pleadings form a sufficient relevancy basis, an evidentiary hearing need not be had. <u>Elsner</u>, 126 So. 3d at 1264.

Duarte-Viera first argues that Shojaee's personal financial records are relevant to establish the amount of money Shojaee took from Santa Fe.

5

Shojaee, however, correctly argues that that information is available from Santa Fe's own records. There is no allegation or evidence suggesting otherwise.

Duarte-Viera next argues that Shojaee's personal financial information is relevant to its breach of fiduciary duty, good faith, and fair dealing claims. In this regard, Duarte-Viera alleged that Shojaee took money from Santa Fe to "defray, pay and support his lavish personal lifestyle and to cover expenses completely unrelated to the business of Santa Fe." At the heart of the underlying lawsuit, however, is the disagreement between the parties regarding whether the transfers at issue were distributions or loans. If distributions, then Duarte-Viera's trust should have received a similar distribution proportionate to its share; if loans, then the appropriateness of the loans should be ascertainable by their documented terms and circumstances as reflected in the business records of Santa Fe (or lack thereof).

In the record before us, therefore, no showing has been made how the range of privileged records requested would shed light on the issue of the appropriateness of the transfers. See, e.g., E. Colonial Refuse Serv., Inc. v. Velocci, 416 So. 2d 1276, 1278 (Fla. 5th DCA 1982) ("general allegations do

6

not support such broad discovery into any and all financial aspects of the corporation"); Life Care Ctrs. of Am. v. Reese, 948 So. 2d 830, 832 (Fla. 5th DCA 2007) ("Although certiorari is not available to remedy every erroneous discovery order, it is an appropriate remedy for discovery orders that depart from the essential requirements of the law by requiring patently overbroad discovery so extensive that compliance with the order will cause material injury to the affected party throughout the remainder of the proceeding, effectively leaving no adequate remedy on appeal."). We are not holding such a foundation cannot be established, merely that it does not exist in this record.

Lastly, Duarte-Viera seeks records necessary to establish Shojaee's net worth. Shojaee correctly argues, however, that his net worth is irrelevant at this stage. Absent some relevancy to the underlying lawsuit, a plaintiff is only allowed to obtain financial worth discovery when a trial court determines that there is a "reasonable evidentiary basis for recovery of punitive damages." Globe Newspaper Co. v. King, 658 So. 2d 518, 519 (Fla. 1995); see § 768.72(1), Fla. Stat. ("No discovery of financial worth shall proceed until after the pleading concerning punitive damages is permitted."). There is no pending claim for punitive damages. Therefore, the requests related to net worth are not relevant in the record before us.

Accordingly, we grant the petition for writ of certiorari and quash the trial court's order.